Sinclair and others vs. Tallmadge and others.

The decisions of a referee upon questions of fact will be considered conclusive to the same extent as a verdict of a jury, and will not be disturbed, except when they are very clearly against evidence.

When there is evidence sufficient to sustain a report, but the fact established by such evidence is not expressly found by the referee in his report, and the party making the case has not prepared any finding upon such fact, justice requires that it should be presumed, in support of the judgment, that the referee in truth found the fact in accordance with the evidence.

Where there has been no willful departure from the terms of a building contract, nor any omission in essential parts, and the laborer has honestly and faithfully performed the contract, in all its material and substantial features, he will not be held to have forfeited his right to remuneration by reason of mere technical, inadvertent and unimportant omissions or defects. A substantial compliance with the contract is all that is required, to entitle the builder to his reward.

Where the architect, whose certificate is by a building contract to be conclusive, has certified that the building is finished, and that the contractors are entitled to receive the last installment, which is payable upon the completion of the work, and the owner has received the certificate, and made no objection to its sufficiency, or its truthfulness, and has paid a part of the installment and promised to pay the residue, this is a conclusive answer to all objections and complaints in regard to the manner in which the contract has been performed.

If the owner suffers the builder to go on after the time limited has expired, and complete the building, he thereby waives the forfeiture which he might have claimed, had he exacted it at the day.

It is the right of the owners to rescind the contract, after the day upon which the work was to be done; and if they do so, the contractor cannot recover for the work done. If both parties, after the time has expired, treat the contract as still in force, and the contractor is suffered to go on, under it, the claim of the owners will be limited to damages for non-performance as to time.

A clause in a building contract, providing for the settlement of any claim for extra work by an arbitration, will not be a bar to an action, where it appears that both parties have waived the provision, and neither has insisted upon or offered to make the submission.

THIS action was brought to recover a portion of the last installment claimed to be due upon a contract for the mason work in the erection of seven stores in the city of New York, and for extra work, and work done outside of the con-

LAW N603
LIBRARY.

Sinclair *v.* Tallmadge.

tract. The cause was referred to and tried by Judge Pea-body, who reported $3107.80 due the plaintiffs, and from the judgment entered upon that report the defendants appealed.

*Mr. Genet,* for the appellants.

*Mr. Harris,* for the respondents.

*By the Court,* ALLEN, J. The case is not prepared in a way to show the findings of the referee upon questions of fact, or his conclusions of law, and the only statement of either is in his general report and direction for judgment, which was evidently not made with an intent to show the disposition made by him of the several questions of fact and of law involved in the final result. Its object was to set forth the main facts found by the referee, and which entitled the plaintiff to a judgment, without considering or disposing of the several defenses and objections interposed by the defendants. But if the case in connection with the report sustains the judgment, the defect may be overlooked rather than subject the parties to the delay and expense of sending the case back for a re-settlement.

The decisions of the referee upon questions of fact will be considered conclusive to the same extent as a verdict of a jury, and will not be disturbed, except when they are very clearly against evidence; and when there is evidence sufficient to sustain the report, but the fact established by such evidence is not expressly found by the referee in his report, and the party making the case has not prepared any finding upon such fact, justice requires that it should be presumed, in support of the judgment, that the referee in truth found the fact in accordance with the evidence. This is only carrying into effect the ordinary presumption in favor of judgments, and the rule requiring a party seeking to reverse a judgment to show error therein. If the referee did not find the fact necessary to sustain the judgment, or found against such fact,

the party preparing the case should have so stated and shown in the case made.

The first objection taken is that the report of the referee, "that the plaintiffs did erect and finish said stores or buildings substantially as in and by the said contract they bound themselves to do," except as to time, is not sufficient. But this is all the law requires, and if the referee has found in the very language of the rule, it ought to be sufficient. If there has been no willful departure from the terms of the contract, or omission in essential parts, and the laborer has honestly and faithfully performed the contract in all its material and substantial features, he will not be held to have forfeited his right to remuneration, by reason of mere technical, inadvertent and unimportant omissions or defects. The law imposes no such liability upon, and exacts no such penalties of, the mechanic. It will see that justice is done to the employer, but at the same time it will do no injustice to the laborer. This rule is recognized in every case in which the rights and duties of parties to building contracts are considered, and a substantial compliance with the contract is all that is required to entitle the builder to his reward. (*Smith v. Gugerty,* 4 *Barb.* 614. *Smith* v. *Brady,* 17 *N. Y. Rep.* 173. *Pullman* v. *Corning,* 14 *Barb.* 174; *S. C.,* 5 *Seld.* 93.) If indeed there were any defects or omissions on the part of the plaintiffs, the defendants should have had the referee pass upon them, and then the court could have judged whether they were essential to the substantial performance of the contract.

2d. It is insisted that this finding is not supported by the evidence.

The work was to be done to the satisfaction of, and under the direction of, Charles W. Clinton, (the architect,) "to be testified by a writing or certificate under his hand." And the proof is, that Clinton did superintend the work, and furnish working plans and drawings varying slightly from the drawings and specifications making a part of the contract, and

with the assent of the defendants' general agent, directed certain alterations in the buildings to be made, the contract making provisions for alterations and omissions as well as additions by the owner; and there is no evidence that in any respect was there a departure from the terms of the contract except by his direction and assent. No one pretends that, although Clinton was about the building frequently as was his duty, directing and supervising, and the general agents of the defendants were there occasionally, seeing and knowing what was being done, and how and in what manner it was done, any complaint was made of the manner in which the plaintiffs were performing the contract. Most of the objections now made might, if they had been seasonably made, have been obviated at little expense. As the variations and omissions were made under the eye of the architect chosen to protect the interests of the defendants and representing them, the referee properly held that the contract was substantially performed. One objection is to the elevation of the stores above the grade of the street, making an additional step necessary to get into them from the street. There is a conflict of evidence as to the effect of this departure from the original plans, upon the value of the stores. But if the departure was voluntary and without excuse on the part of the plaintiffs, and without the assent of the defendants, a very different question would arise from that presented, as the case now stands.

The grade of the street was altered after the making of the contract and the commencement of the work under it, and there is evidence that the city surveyor gave the plaintiff at first the wrong grade, which caused the mistake in the elevation. This might not alone excuse the plaintiffs, but there is also evidence that the plaintiffs, during the progress of the work, pointed out the mistake and declared the cause of it to the architect and to the defendants' agent, and no complaint or objection was made by either. It was their duty to object then, when the mistake might have been rectified, and

not having done so, but suffered the plaintiffs to proceed and complete the work, under the expectation that when completed they would receive the pay, they cannot be permitted now to take the objection. So, too, the placing the iron pillars or columns in positions an inch or two from the places represented upon the drawing and specifications, may be disposed of in the same way, and without reference to the testimony of the plaintiffs, that they were placed under the direction of the architect. The window shutters were omitted, by the assent of the defendants, and an allowance made for the diminished cost and value of the building, by the referee. The assent of the defendants is evidenced, by the absence of any objection or complaint on the part of the defendants, and the employment by them of the carpenter to put in a wooden frame work to conform the building to this change. But a brief answer to all the complaints and objections now taken is, that the architect, whose certificate was to be conclusive, has certified that the building was finished and that the plaintiffs were entitled to receive the last installment which was payable upon the completion of the work, and the defendants received the certificate, and made no objection to its sufficiency, or its truthfulness, and made partial payment of the installment, and, as the plaintiffs say, promised to pay the residue. The claim that the contract was not substantially performed, except as to time, is an after thought, and only made now to defeat this action. The objection to the right of recovery, for the reason that the stores were not completed by the time specified, is not tenable. A part of the delay is accounted for, and excused, but the referee has properly held the plaintiffs liable for the rent of the stores from the first of May, 1857. The defendants, by suffering the plaintiffs to go on after the time limited, and complete the buildings, waived the forfeiture which they might have claimed had they exacted it on the day. It was the right of the defendants to rescind the contract after the day upon which the work was to have been done; and had they done

Sinclair *v.* Tallmadge.

so, the plaintiffs could not have recovered for the work done. But both parties, after that, treated the contract as still in force, and the plaintiff was suffered to go on under it, and the claim of the defendants is now limited to damages for non-performance as to time, and this claim has been allowed them.   The defendants claim and insist that the referee erred in allowing the plaintiffs for extra work, for the reason that the contract provided for the settlement of such claim by an arbitration.   The clause in the contract is as follows: " But should any dispute arise respecting the true value of the extra work, or of the work omitted, the same shall be valued by two competent persons, one employed by the owner and the other by the contractor; and those two shall have power to name an umpire, whose decision shall be binding on all parties."

(1.) The dispute here is not as to the value of the extra work, but as to the liability of the defendants to pay for any extra work, or rather, whether the plaintiffs performed any extra work for which the defendants are liable, and there is no provision for submitting such question to arbitration.

(2.) Both parties appear to have waived this provision, as neither have insisted upon or offered to make the submission.

(3.) The defendants did not ask the referee to reject the claim for extra work, upon this ground, and therefore cannot take the position upon this appeal.

(4.) The provision is no bar to an action.   It may give the defendants an action for damages if the plaintiffs refuse to abide by it, but is no defense to an action.   (*Haggart* v. *Morgan*, 1 *Seld.* 422.)

The only other points made by the defendants which require consideration, relate to the allowance to the plaintiffs for extra digging in the cellar, made necessary by the alteration in the grade of the street, under the direction of the common council.   There is some conflict of evidence upon this point, but the referee has found that it was " done by the

Sinclair *v.* Tallmadge.

plaintiffs for the defendants at their request." As substantial justice has been done, and no rule of law violated, we do not feel disposed to scrutinize this part of the report very strictly. The referee was clearly authorized, upon the evidence, to find that the contract was made in reference to the old grade, which was altered after the commencement of the work, and that the defendants, by their agent, the architect, requested the plaintiffs to make a corresponding change in the buildings on their ground line, and justice requires that the extra expense thus caused should be borne by the defendants, whose property was benefited by the altered grade, and whose buildings would have been of much less value if they had not been made to conform to the new grade. Slight circumstances, where the benefit is so certain, will justify the finding of a request. Sometimes a request and promise to pay will be implied from a mere knowledge of and assent to the performance of labor for one's benefit. Here much more was done. The agent of the defendants assisted in ascertaining the new grade and the additional excavation necessary. We cannot say that this finding of the referee is without or against evidence. There is no error in the decisions of the referee admitting or excluding evidence.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Allen* and *Barnard*, Justices.]