By the Court.—Curtis, J.
It is not a condition of the contract, that there shall be no money paid for the work, unless it is done at the time fixed. The contract provides that the work is to be paid for upon completion. The referee finds that the defendant was to pay on the completion of the work at the time specified. If it had been the design of the parties to bind themselves to the stringent condition expressed by the words “ at the time specified,” it must be presumed they would have inserted it in the contract, and the finding of the referee that there was such a condition would then be sustained. In its absence, such a condition can not be assumed as a part of the agreement. When time is of the essence of a contract, it must be made to appear in express terms, and not left to be inferred from doubtful expressions.
It seems to be well settled, that where work done under a contract, is not completed at the time limited for its performance, but is proceeded with thereafter with the assent of the party for whom the work is done, a recovery may be had for the work done, but the plaintiff is confined to the rate of compensation fixed by the contract, unless during the progress of the work he gives notice of an intention to demand a different rate of compensation.
It was the right of the defendant to rescind the contract upon the failure to complete, and if he had done *136 so, the plaintiff could not have recovered. But the defendant thereupon elected not to do so, and then, not only suffered the plaintiffs to go on, but repeatedly urged and directed them to proceed with the work, thus both parties, after the time expired, treated the contract as still in force.
If the defendant had wished to annul the rights of the plaintiffs under the contract, he should upon their failure to complete at the day designated, have -given them a notice requiring performance within some reasonable time specified, and that in case of default, their rights would be deemed abandoned (Merrill v. Ithaca & O. R. R. Co., 16 Wend. 586; Sinclair v. Tallmadge, 35 Barb. 602; Myers v. DeMier, 52 N. Y. 647; Hubbell v. Von Schoening, 4 Supr. Ct. 649).
The plaintiff’s action for the price should have been sustained, leaving the defendant to his remedy for any injury he may have suffered by the plaintiff’s delay in completing the work. The finding of the referee as to the damage sustained by the defendant is rather vague as to the amount, and not supported by the evidence with satisfactory clearness.
These views, if they are correct, dispose of the principal questions raised by the appeal, and the judgment appealed from should be reversed, with costs to appellants, to abide the event of the suit, and with the usual order in respect to the order of reference, and a new trial ordered.
Freedman and Speir, JJ., concurred.