GRAY v. GANNON.

*Contract — construction of — when literal compliance with not necessary — privity. Evidence — parol to explain terms of written contract.*

B., by order in writing, requested defendant to accept from plaintiff a hoisting engine made for T. in New Orleans, " and pay the amount of the contract, $735 — $500 on delivery on board in New York, and the balance, $235, as soon as word is received from T." This order was accepted by defendant. No other direction than above was given in the order as to what constituted delivery, but on a previous occasion it had been made by shipping by steamer to T., in the name of defendant as consignor. In an action upon the acceptance, *held*, (1) that evidence of the manner of the former delivery was competent to show what delivery was intended by the order; and (2) that a literal compliance with the former manner was not essential to a recovery upon the acceptance, and a shipment by steamer to T., in the name of the plaintiff as consignor, was sufficient.

B., who gave the order, had a contract with T. to furnish him hoisting machines, and employed plaintiff to construct them. *Held*, that it was no defense to the action that the machines were not in accordance with the contract between T. and B.

APPEAL by defendant from a judgment in favor of plaintiffs entered upon the verdict of a jury.

The action was brought by John Gray and another against Thomas Gannon, to recover $500 and interest on the following instrument :

"NEW YORK, *April* 28, 1869.

'THOMAS GANNON, Esq.,

"Please accept from Messrs. J. & R. J. Gray the 20 horse hoisting engine made for Messrs. A. Thomson & Co., New Orleans, and pay the amount of contract, $735 — $500 on delivery on board in New York, and the balance, $235, as soon as word is received from Messrs. Thomson & Co., and charge to our account.

"BROOKS, BACON & CO."

Written across the face,

"Accepted, Thomas Gannon."

The facts were these: Messrs. Thomson & Co., of New Orleans, employed the firm of Brooks, Bacon & Co., of New York, to build two engines for them. Brooks, Bacon & Co. employed the plaintiffs to build the engines from patterns and castings furnished by them. On direction of Brooks, Bacon & Co. the plaintiffs called on the defendant, Gannon, who said he would pay for the engines when finished. Plaintiffs built one of the engines, and Gannon paid for it, directing the plaintiffs to ship it by New Orleans steamer to Thomson & Co., which was done.

The plaintiffs then built the second engine. They took a letter from Brooks, Bacon & Co. to Gannon, requesting payment to plaintiffs, and also the request above set forth, which was accepted by the defendant. The second engine was to be shipped in the same manner as the first.

On receiving this acceptance the plaintiffs caused the engine to be shipped on a New Orleans steamer, of the same line as before, consigned to A. Thomson & Co. There was no difference in the mode of shipment of the two engines; but in the first bill of lading Thomas Gannon was named as consignor, and in the second J. & R. J. Gray.

*A. H. Wagner* and *S. C. Conable,* for appellant.

*Marsh & Wallis* and *Wm. F. Shepard,* for respondents.

DANIELS, J. The plaintiffs recovered a verdict for $500 and interest upon an order drawn in their favor, by Brooks, Bacon & Co., upon the defendant, and accepted in writing by him. By the terms of the order the defendant was requested by its drawers to

accept from the plaintiffs the twenty horse-power hoisting engine made for Messrs. A. Thomson & Co., New Orleans, and pay the amount of the contract, $735 — $500 on delivery on board in New York, and the balance, $235, as soon as word is received from Thomson & Co., and charge to account of the drawers.

The order was indefinite and uncertain in its description of the manner in which the delivery of the engine on board was to be made to constitute a compliance with its terms. And in order to ascertain the intention of the parties to it on that subject evidence was offered and received to show their understanding as that was exhibited by what had passed between them, and the course that was adopted and approved of in the shipment of a preceding engine manufactured for Thomson & Co. under the same contract. From that it appeared that the other engine was shipped to Thomson & Co., at New Orleans, by the plaintiffs in the defendant's name as the shipper or consignor, and that the engine mentioned in the order was designed to be sent in the same way. That was the delivery on board mentioned in and uncertainly expressed by the order accepted by the defendant. And the evidence was proper for that purpose. *Grierson* v. *Mason*, 3 N. Y. Sup. 185. The exceptions taken to the rulings which admitted it were, therefore, properly overruled.

After the order was drawn and accepted, the plaintiffs delivered the engine on board the steamship Cortes, at New York, consigned to Thomson & Co., New Orleans. The bill of lading was in the form ordinarily used, and similar in all respects to the one under which the first engine was sent, except that it named the plaintiffs instead of the defendant as the shippers or consignors. Upon that and the order they applied to the defendant for payment of the $500. He refused to pay, and the evidence tended to show that he placed such refusal on the failure to name him as consignor of the engine in the bill of lading. Further evidence was given tending to show that the bill of lading was offered and tendered to the defendant, both before and after the steamer sailed, and that, on its surrender by the defendant, no difficulty would have been encountered in procuring another in its place containing the defendant's name as the shipper.

By the omission to have the defendant named in the bill of lading as the shipper of the engine, the plaintiffs were involved in what was a literal failure to perform in the manner agreed upon

between the parties. And if they were bound to show such a compliance before they could recover the first payment mentioned in the order, then the judgment rendered in their favor cannot be sustained. But a literal performance of the condition on which the right to payment is rendered dependent is not always required to entitle the claimant to recover. For that purpose, a substantial performance has, in some cases, been deemed to be sufficient. Parties may, by the terms of their agreement, render the right to payment dependent on the literal performance of an act on the part of the person to receive it; and where that appears to be the case, payment can be no otherwise recovered, where no dispensation of the condition may exist, than by showing such a performance as the agreement, in terms, may require. But this is not a case of that description, for it was not specifically agreed at any time that the plaintiffs should only be paid on the production of a bill of lading showing a shipment of the engine by the defendant. What, in effect, was agreed upon was that the engine should be delivered on board a steamer at New York, for Thomson & Co., at New Orleans, as the preceding engine had been sent. It had been manufactured for them, and was to be delivered so that it would be carried and transported to them at their place of residence ; and before the manufacturers could require payment under the terms of the order, it was necessary that a delivery should be shown that would be attended with that result.

The defendant was, in fact, the agent of Thomson & Co., and whatever he did in reference to the property was for the purpose of promoting that object. He had no interest in it different from them. But his control over it was restricted to that disposition of it ; and for that purpose a shipment in the name of the plaintiffs, as consignors, was just as effectual as one made in the name of the defendant. The property was as sure to be safely transported under one name as it could have been under the other.

It was objected that it could not be insured as well. But that is very clearly a mistake. The title and interest of the consignors would be the same in either case. And for that reason it could be insured the same with the plaintiffs' name as consignors as though the bill of lading had acknowledged its receipt from the defendant; not the slightest difficulty could be occasioned in that respect by the circumstance that the bill of lading named the plaintiffs instead of the defendant as the shippers. The delivery was made substan-

tially in the manner contemplated by the agreement and the terms of the order. For it placed the engine on its contemplated transit to the purchasers, and no more than that would have been done if it had been sent in the name of the defendant as shipper. It was a substantial compliance with an agreement containing no explicit stipulation that payment should only be made on performance of a different description. And that was sufficient to perform the obligation of the plaintiffs as long as it was made to appear by the evidence, and found by the jury, that the bill of lading actually taken by the plaintiffs was offered and tendered to the defendant when payment was applied for on the order.

The rule upon this point has been stated to be that the performance must be such as is required by the true spirit and meaning of the contract, and the intention of the parties as expressed therein. A mere literal accurate performance may wholly fail to satisfy the true purpose of the contract, and such a performance is not enough if the true purpose of the contract can be gathered from it according to the established rules of construction. 2 Parsons on Contr. (5th ed.) 656; 1 Story on Contr. (4th ed.) 36, 37, § 32; *Sinclair* v. *Tallmadge*, 35 Barb. 602.

The performance which was shown and offered by the plaintiffs was substantially all that could be required from them, and it secured to the consignors and the defendant all the benefits and advantages which would have been derived from that which he insisted upon, and practically in the same way. The exceptions which were presented to the charge and the refusal to charge, requiring a literal performance to be shown on the part of the plaintiffs before they should be allowed to recover the first installment mentioned in the order, for these reasons are incapable of being maintained.

The defendants alleged and proposed to prove by way of defense that the engine was defectively constructed, and that it would require the expenditure of a considerable sum of money to put it in the condition required by the contract made for it. This defense was excluded by the court, and the defendant excepted. The engine was in fact constructed under a contract, but it was not made with the plaintiffs. It was between Thomson & Co. and Brooks, Bacon & Co. The plaintiffs were not parties to it, nor to any other contract with Thomson & Co., or with the defendant, beyond that for the delivery of the engine as it had been manufactured. If any

claim for compensation existed under the contract made, for the imperfect construction of the engine it was against Brooks, Bacon & Co., who alone had agreed that it should be built in the manner claimed by Thomson & Co. The plaintiffs constructed it for Brooks, Bacon & Co., and under their employment. And when it was completed, and before the order on the defendant was drawn and accepted, Mr. Bacon, of that firm, examined and accepted it, and notified the defendant that he had done so, and found it complete and ready for shipment, as ordered by Mr. Thomson. That showed a full performance of the plaintiffs' obligations as the manufacturers to the satisfaction of the persons who had employed them. And for that they were then entitled to payment from Brooks, Bacon & Co. There was no ground on which that could be successfully resisted, simply because the contract between Brooks, Bacon & Co. and Thomson & Co. had not been performed according to its terms. If that were true it constituted a good claim for remuneration against Brooks, Bacon & Co., but not against the plaintiffs.'

It was to pay the plaintiffs what had become due to them for constructing the engine that the order in suit was drawn and accepted; and by that the defendant agreed to pay them the first installment of $500 when the engine, as it then was made, should be delivered on board at the city of New York. He did not qualify his obligation by requiring, as a condition on which the right to payment should depend, that the engine should be found to be manufactured as the contract between Thomson & Co. and Brooks, Bacon & Co. required it to be. But his undertaking was absolute to pay on its delivery on board a steamer for Thomson & Co., as the indefinite and incomplete terms of the order were rendered intelligible and effectual by the other evidence in the case. And as that was substantially performed by the plaintiffs, they became entitled to the payment the defendant had agreed in that event to make them. The case presented a simple question of fact, and that was fairly submitted to the jury.

There was no error in any of the rulings made by the court, and the judgment should, therefore, be affirmed.

*Judgment affirmed.*