By the Court.—Freedman, J.
On the former appeal which had been taken by the plaintiffs, the general term of this court held, and the point actually decided was, in substance, that inasmuch as the contract had been kept alive by the acts of the parties after the expiration of the time limited for the performance thereof, if the defendant had wished to annul the rights of the plaintiffs under the same, he should have given them a notice requiring performance within some reasonable time specified, and further notifying them, that in case of default their rights would be deemed abandoned ; and that no such notice having been given plaintiff’s action for the price should have been sustained.
On the trial which is now the subject of review, the plaintiffs obtained a verdict, but the defendant was not permitted to recover any damages suffered in consequence of plaintiffs’ delay in completing the work, and the principal question involved in the present appeal *181 is, whether the defendant has a right to recoup such damages, and, if so, to what extent he may do so.
Upon plaintiffs’ failure to complete, at the time designated in the contract for the completion thereof, defendant might have rescinded.
He elected not to do so, but from time to time he called upon the plaintiffs to proceed with it, which they did to some extent up to the month of December following, when they again ceased work. Both parties, therefore, departed from the provision of the contract as to time, and hence plaintiffs’ rights could not be annulled without another time being'fixed and a new default being made.
In the month of December following, on becoming tired of plaintiffs’ dilatoriness and apparent abandonment of the contract, the defendant did serve a notice. But instead of serving one which called upon the plaintiffs to complete within some reasonable time therein specified, and which notified them that in case of default their rights would be deemed abandoned, he served a notice to the effect that he would take the further execution of the contract into his own hands and complete the same for account of the plaintiffs and hold them responsible in damages.
Full performance on the part of the plaintiffs having been thus prevented by the deliberate act of the defendant, plaintiffs were entitled to recover for what they had done up to that time, and the defendant was bound to make the compensation. This liability on the part of the defendant, however, is coupled with his right to insist upon a deduction for the damages sustained by him in consequence of the delay.
Had he first notified the plaintiffs to complete within a reasonable time specified, he might, on their default, have rescinded and retained the benefit accruing to him from a partial performance. In such case he would have waived his claim for damages.
*182 But having adopted the other course, which was in affirmance of the contract, and which rendered him liable to pay for such partial performance, and there being no condition of the contract unperformed on his part at the time of such election, he is not estopped from claiming damages (Ruff v. Rinaldo, 55 N. Y. 664; Cassidy v. Le Fevre, 45 Id. 562; Dibble v. Corbett, 5 Bosw. 203 ; Sinclair v. Tallmadge, 35 Barb. 602).
The question therefore remains, what damages the defendant is entitled to.
No effort was made to show, and indeed it is not claimed, that the defendant incurred a larger expense in doing the work which he did himself subsequent to the notice given, than he would have incurred if he had permitted the plaintiffs to finish their contract.
It appears, however, that the whole work to be done by the plaintiffs for the defendant under the contract in question, was embraced in a prior contract between the defendant and the corporation of the city of New York, and the contract between the parties to this action recites such fact.
At the trial the defendant offered his contract with the city in evidence, for the purpose of thereby laying the foundation for the proof of damages which he alleged he sustained under that contract by reason of plaintiffs’ delay, and it was excluded.
He also offered to show that the plaintiffs had examined the said contract of the defendant with the city, that they knew its terms and conditions, and that defendant’s liability under the same was dependent upon the performance of plaintiffs’ contract, before plaintiffs entered into the' contract in suit, and that the former constituted the basis upon which the latter was made. This testimony was excluded.
I am of the opinion that these rulings constituted error.
*183 True, in ordinary cases and under the operation of the rule applicable to that class of cases, that damages, in order to be recoverable, must not only be such as might naturally be expected to flow from the violation of the contract in suit, and such as are certain both in their nature and in respect to the cause from which they proceed, but must also be such as may fairly be supposed to have entered into the contemplation of the parties at the time of the execution of the contract, in settling the amount of damages to be recovered for the breach of the principal contract, damages sustained on collateral contracts entered into as subsidiary to the fulfillment of the principal one, cannot be considered (Masterton v. Mayor, &c. of Brooklyn, 7 Hill, 61).
But when the sub-contractor, at the time of making his contract, knows that the principal contractor has an existing contract for the same work, and that the sub-contract is made to fulfill the principal contract, and the sub-contractor agrees to supply the work to enable the principal contractor to fulfill his contract, any damage which the principal contractor might naturally be expected to sustain under his contract in consequence of the default of the sub-contractor, may justly be said to have entered into the contemplation of the parties to the sub-contract, and may be recovered for that reason, if subsequently sustained and capable of being ascertained with certainty (Messmore v. N. Y. Shot and Lead Co., 40 N. Y. 422).
The evidence should, therefore, have been received, and then the duty would have devolved upon the court to see to it, that the defendant recovered no damages except such as clearly and naturally flowed from the breach of the contract with the city, as necessitated by plaintiffs’ breach of their contract with him. Defendant’s claim for damages in being kept from obtaining other contracts, can under no circumstances be sustained ; but as to his right to recover any of the other *184 items set forth in his bill of particulars, in respect to which he ineffectually sought to give testimony, I am unable to form an opinion without having the excluded contract before me.
Inasmuch as it sufficiently appears, however, that the excluded testimony above referred to, together with other proof subsequently offered and likewise rejected, might have entitled the defendant to some recoupment, the judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.
Curtis, Ch. J., and Sanford, J., concurred.