PETER PHILLIP, Respondent, *v.* JOSETTE GALLANT, Appellant.

Where one party to a contract at the time he executes it so conducts himself as to lead a reasonable man to believe that he understands and assents to its terms, and the other party so believing, executes and performs it on his part, the former is precluded from asserting that he did not so understand and assent, and is bound by it.

Defendant, a French woman, who did not understand English perfectly, and D., plaintiff's assignor, executed a contract for the completion of a building by the latter, for the former. The contract was read over twice, carefully and distinctly, to defendant and she was informed that D. was only bound to perform what he had agreed to therein. One T., who was a clerk in the office of the person who drew the contract, explained it to her in French. He told her, among other things, that by it D. was bound to supply alleged defects in work already done, which she believed. No such clause was in the contract, and the statement was made without the knowledge or consent of D., or of the one who drew the contract. The contract was executed in good faith, and

without fraud on the part of D., who supposed it contained the entire agreement.   D. performed the contract, and this action was brought to recover the contract-price for the work.   *Held*, that defendant was estopped from claiming that the contract was not hers; and that she was bound by its terms.

The contract-price was $865.11; the referee found that D. substantially performed, although the work was defective in some slight particulars, but not of a character to defeat the right of action. He allowed seventy-five dollars as damage for the defects.   *Held*, that the questions as to whether there had been a substantial performance, and whether there was a willful or intentional departure from the contract, were questions of fact ; that although the last was not in terms found, it was in substance, at least it could be presumed; and that the amount of damages allowed was not so inconsistent with the finding of substantial performance as to author- ize a holding, that, as matter of law, the contract was not substantially performed.

The rule that a finding can only be implied to sustain a judgment where it is justified by the evidence, is not applicable where none of the evi- dence appears in the case.

The referee found that certain mechanics' liens had been perfected against the premises by persons who had furnished materials to D.   He directed that defendant be allowed any payments made thereon within sixty days.   *Held*, that the limitation of time was error.

(Argued May 31, 1875; decided June 8, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.   (Reported below, 1 Hun, 528; 3 T. & C., 618.)

This action was brought upon an alleged contract between David Phillip, plaintiff's assignor, and the defendant, for the completion of a house by Phillip, for the defendant. The making of the contract was denied.

The referee found, in substance, that prior to the contract in question two contracts had been made between the parties for building the house; that a dispute having arisen as to the character of the work, a new contract (the one in ques- tion) was made for the completion of the house, as specified therein.   The contract simply provided for the work remain- ing to be done; the contract-price was $865.11.   The referee further found as follows :

" That at the time of the execution of the agreement of February twenty-second, the defendant, who does not understand English perfectly, was informed by John B. Trudo, who was present at the time the contract was read over to her and executed, that by this new agreement the said David Phillip was bound to repair the defects she claimed existed in regard to the work already performed under the previous contracts, which she believed, but that said declaration was made by Trudo without the knowledge or consent of said Phillip, or of the person who drew up the agreement of February twenty-second, and was not heard by either of them; that the said new agreement was read over twice carefully and distinctly to the defendant before she executed it; that said agreement was executed by said parties in good faith and without fraud on the part of the said Phillip, and contained the whole of the agreements between them as he understood it, and that there was no mutual mistake between the parties as to its terms. That the said David Phillip has substantially performed the agreement of February 22d, 1872, though in some slight particulars the work is defective; and I find the damage to defendant from the same to be seventy-five dollars, and that the defects are not of such a character as to defeat the right of action of said Phillip or his assigns."

He further found that various mechanics' liens for materials furnished said David Phillip in the building of said house, amounting in all to $221.01, had been duly filed, and were unpaid.

The referee directed judgment for the amount unpaid upon the contract, "and that the defendant be allowed as a payment upon said judgment, or upon any execution issued to enforce the same, any payment which the defendant has made or shall make within sixty days from the service on his attorneys of a copy of this report, upon the claims or liens above mentioned, to the extent of $243.95."

The referee, subsequently, made additional findings, as follows:

"That John B. Trudo was nominally a clerk in the office

of H. E. Barnard, but that he had a separate office of his own in the same building, which he then occupied, and where he did business for himself. I do not find that said Trudo went for defendant at Barnard's request, to make said agreement." "That after the agreement had been drawn up it was read over to the parties twice by Barnard, who then told the defendant that she could only make Phillip do what he agreed to do by that agreement; that, while being then read over, it was explained to the defendant in French, by said Trudo, and that Trudo told her that by that agreement all the work on the house would have to be done in a workmanlike manner, including what had been done, and, that when defendant signed the agreement of February 22d, she understood and believed, from the interpretation thus made to her by Trudo, that David Phillip was to do all the work in a good and workmanlike manner, including any defective work performed by him prior to that day under the former agreements.

"That the agreements made prior to February 22d, 1872, were abandoned by mutual agreement of the parties, and that on and after the execution of the agreement of February twenty-second, that was the only agreement in existence between the parties, and that in the decision of this action I did not consider or pass upon the character or quality of the work performed by said Phillip prior to February 22d, 1873."

*Nathaniel C. Moak* for the appellant. The referee erred in finding that the work had been substantially performed, although defective in some slight particulars, and that these defects did not defeat defendant's right of action. (*Moffit* v. *Sackett*, 18 N. Y., 522; *Wood* v. *Orser*, 25 id., 348; *Oakley* v. *Morton*, 11 id., 25; *Walker* v. *Millard*, 29 id., 375, 379, 380; *Smith* v. *Brady*, 17 id., 173; *Pullman* v. *Corning*, 9 id., 93; *Tompkins* v. *Dudley*, 25 id., 272; *Cram* v. *Knubel*, 43 How. Pr., 389; 34 N. Y. Supr., 443; *Sherman* v. *Mayor*, etc., 1 N. Y., 316; *Pike* v. *Butler*, 4 id., 362; *Norton* v. *Woodruff*, 2 id., 153; *Cunningham* v. *Jones*, 20 id., 486; *Bonestiel* v. *Mayor*, etc., 22 id., 162; *Catlen* v. *Tobias*, 26

id., 217; *Walker* v. *Millard,* 29 id., 375; *Husted* v. *Craig,* 36 id., 223; *Harris* v. *Rathburn,* 2 Keyes, 319; *Jenkins* v. *Wheeler,* 3 id., 654; *Reed* v. *Bd. of Education,* 4 Abb. Ct. App. Dec., 24; *Van Wagner* v. *Terrett,* 27 Barb., 181; *Studwell* v. *Terrett,* 4 Bosw., 520.) Defendant never having legally assented to the agreement of February 22, 1872, it was void. (1 Story's Eq. Jur., § 144; *Dunnage* v. *White,* 1 Wils. Ch., 67; *Cuff* v. *Dorland,* 55 Barb., 481; 1 Story on Con. [5th ed.], §§ 489, 490, 535; *Hartford, etc.,* v. *Jackson,* 24 Conn., 514; *Booth* v. *Bierce,* 38 N. Y., 466; *McCotter* v. *Mayor,* 37 id., 329; *Dana* v. *Munro,* 38 Barb., 534; 2 Wait's L. and Pr., 111; *Reed* v. *Clark,* 2 Sandf., 133; *Riley* v. *Spotswood,* 23 Up. Can. [C. P.], 318; *Smith* v. *Hughes,* L. R. [6 Q. B.], 597; *Baldwin* v. *Mildeberger,* 2 Hall, 176; *Bap. Ch.* v. *Brooklyn, etc.,* 28 N. Y., 153, 161, 166; *Peltier* v. *Collins,* 3 Wend., 459; *Britton* v. *Phillips,* 24 How. Pr., 111; *Pettigrew* v. *Mayor, etc.,* 17 id., 492; *Tuttle* v. *Love,* 7 J. R., 470; *Denny* v. *Hancock,* L. R. [6 Ch. App.], 1; *Coon* v. *Smith,* 29 N. Y., 392; *Cooper* v. *Phibbs,* L. R. [2 H. L.], 142; *Mingaye* v. *White,* 34 Up. Can. [Q. B.], 82.) The fact that the agreement was twice read over to defendant can make no difference, it having been found as a fact that she did not understand it. (*Kingston Bk.* v. *Eltinge,* 40 N. Y., 391; *Union, etc.,* v. *State, etc.,* 1 Lans., 13; 43 N. Y., 452.) Plaintiff is not entitled to recover because of the liens created by him on defendant's property. (*Walsh* v. *Burton,* 24 Ohio St., 29.)

*Samuel Hand* for the respondent. As none of the evidence appeared in the case the referee's findings are to be taken as absolutely true, and to be construed, in case of any ambiguity, most favorably to his conclusion. (*Chubbuck* v. *Vernam,* 42 N. Y., 432; *Grant* v. *Morse,* 22 id., 323; *Tomlinson* v. *Mayor, etc.,* 44 id., 601; *Rice* v. *Isham,* 1 Keyes, 44; *Valentine* v. *Conner,* 40 N. Y., 248; *Smith* v. *Coe,* 29 id., 666; *Lamb* v. *Grover,* 47 Barb., 317; *Davis* v. *Allen,* 3 Comst., 168; *Hoyt* v. *Hoyt,* 8 Bosw., 511; *Tibbs* v. *Morris,*

44 Barb., 138 ; *Ferguson* v. *Hamilton*, 35 id., 427.) Under the facts, as found, plaintiff was entitled to judgment. (*Johnson* v. *Depeyster*, 50 N. Y., 666 ; *Glacius* v. *Black*, id., 148, 149 ; *Sinclair* v. *Tallmadge*, 35 Barb., 602.) The fact that a clerk of the scrivener who drew the agreement gave defendant an erroneous construction of it, does not, in the absence of fraud, vitiate it. (*McKyring* v. *Bull*, 16 N. Y., 297 ; *Beaty* v. *Swarthout*, 32 Barb., 293 ; *Garbutt* v. *Swith*, 40 id., 22 ; *Ogden* v. *Raymond*, 5 Bosw., 16 ; *Bryce* v. *Lor. F. Ins. Co.*, 55 N. Y., 240, 243 ; *Orchard* v. *Binninger*, 51 id., 653 ; *Nevins* v. *Dunlap*, 33 id., 676 ; *Pitcher* v. *Hennessy*, 48 id., 424 ; *Rider* v. *Powell*, 28 id., 317 ; *Mills* v. *Lewis*, 37 How. Pr., 418 ; *Pennell* v. *Wilson*, 2 Abb. Pr. [N. S.], 466 ; *O'Donnell* v. *Hannon*, 3 Daly, 424 ; *Botsford* v. *McPherson*, 42 Barb., 445 ; *Stewart* v. *Keteltas*, 36 N. Y., 388 ; *Earl Bradford* v. *Earl Rouney*, 30 Beav., 43.) Defendant's mistaken understanding as to the law is no defence. (*Garner* v. *Bird*, 57 Barb., 277 ; *Arthur* v. *Arthur*, 10 id., 9 ; *Jacobs* v. *Morange*, 47 N. Y., 57 ; *Taft* v. *Dickinson*, 6 Al., 553 ; *Powell* v. *Smith*, L. R. [14 Eq. Cas.], 85 ; *McKenzie* v. *Carlson*, L. R. [8 Eq. Cas.], 367 ; *Smith* v. *Hughes*, L. R. [6 Q. B.], 597 ; *Thomas* v. *Bartow*, 48 N. Y.)

CHURCH, Ch. J.   The appellant insists that she is not bound by the contract of twenty-second of February, in respect to completing the building, for the reason that she supposed it contained a provision requiring the plaintiff's assignor to remedy defects which she alleged had occurred in the work done under previous contracts, and that she never agreed to the terms of this contract.

The referee, in his original report, found that the defendant, who does not understand English perfectly, was informed by one Trudo, who was present at the time, that by this new agreement David Phillip was bound to repair the defects she claimed existed in regard to the work already performed, which she believed, but that such statement by Trudo was made without the knowledge or consent of said Phillip, or

of the person who drew the agreement, and was not heard by either of them; that the agreement was read over twice carefully and distinctly to the defendant; that the same was executed in good faith and without fraud on the part of Phillip, and as he believed, contained the entire agreement between the parties. In a supplementary report the referee found that Trudo was nominally a clerk in the office of the person who drew the agreement, but that he occupied a separate office and did business for himself, and was not present at the request of the said person; that the defendant was informed that Phillip was only bound to do what he had agreed to do by that agreement; that while it was being read over Trudo explained it to defendant in French, and told her that all the work would have to be done in a workmanlike manner, including what had been done, and that the defendant believed from Trudo's interpretation that the prior defective work would have to be made good. The referee did not consider the character or quality of work previously done, but held that this contract superseded the prior contracts, and that no claims could be made under them.

It is not claimed that there was a mutual mistake of the parties, so as to lay the foundation for a reformation, but that the defendant is not bound because she believed it obligated the other party to repair defects in previous work. The plaintiff was guilty of no deception in respect to the provisions of the contract; entire good faith on his part, and on the part of Mr. Barnard, who drew the contract, is found. It does not appear from the facts found but that she knew and understood what the provisions of the contract were, and the legal presumption is that she did. It does not appear but that she understood it herself as it was read, and if not but that Trudo correctly stated the actual provisions of the contract. All that can be claimed from the facts found is, that Trudo construed the contract as imposing an obligation upon Phillip to repair defects in previous work, and upon his opinion she believed it. The plaintiff was in no sense responsible for his misconstruction, indeed,

it must be presumed to have been innocently made
by Trudo. She adopted his opinion without calling the
attention of the plaintiff to the subject. The point made
by the appellant, that she never made this contract, cannot
be sustained. The contract is in writing; it was read to her
carefully; she was told that it contained the whole agree-
ment on the subject. It would be a dangerous precedent to
hold that under such circumstances a party was not bound.
None of the authorities cited justify such a rule. By sign-
ing the agreement upon the construction of her adviser,
without calling the attention of the other party or the
scrivener to such construction, and thus inducing such party
to execute the contract upon the supposition that it contained
the true agreement and that the defendant understood and
assented to it, and especially as he proceeded to and did per-
form the contract upon such supposition, the defendant not
notifying him of the claim that she construed it differently
from what its language imported, she is precluded and fore-
closed from insisting that it is not her contract. In the
recent case of *Smith* v. *Hughes* (L. R. [6 Q. B.], 597), cited
by the learned counsel for the defendant, BLACKBURN, J.,
lays down the correct rule which is, I think, applicable to
this case. He says: " If, whatever a man's real intention
may be, he so conducts himself that a reasonable man would
believe that he was assenting to the terms proposed by the
other party, and that other party upon that belief enters
into the contract with him, the man thus conducting himself
would be equally bound as if he had intended to agree to the
other party's terms."

The plaintiff's assignor had every reason to believe that
the defendant understood the contract as he did. She acted
in a way to induce that belief, and upon that belief thus
induced, he executed and performed the contract and she is
bound by it. There are many cases where a party is thus
bound, although not knowing or intending to agree to the
terms. A familiar instance is in the case of bills of lading
and the like, containing terms which the shipper does not read,

but by accepting which he induces the carrier to believe that they are assented to. The general rule that a party is not bound by the terms of a contract which he does not assent to is well established; but under circumstances like those developed in this case the party is bound, because he is deemed to have assented to the terms, and also because he has so acted as to induce the other party to enter into the contract, and is therefore precluded from asserting that he did not assent.

The next point presented is, that the plaintiff cannot recover because the contract was not performed. The referee found upon this subject as follows: " That the said David Phillip has substantially performed the agreement of February 22, 1872, though in some slight particulars the work is defective, and I find the damage to defendant from the same to be seventy-five dollars; and that the defects are not of such a character as to defeat the right of action of said Phillip or his assignees." The law is well settled in this State by repeated decisions, that in a building contract where performance is made a condition of payment, performance must be shown to entitle a party to recover. (*Smith* v. *Brady*, 17 N. Y., 173, and cases cited.) But when the builder has in good faith intended to and has substantially complied with the contract, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract-price, less the damage on account of such defects. (*Johnson* v. *De Peyster*, 50 N. Y., 666; *Glacius* v. *Black*, 50 N. Y., 145.) In the last case it was said : " As, however, this class of contracts embrace many particulars which it is difficult, if not impracticable, to comply with, with entire exactness, the apparent rigor of the general rule has been so far relaxed as that a substantial compliance will be deemed sufficient." There must be no willful or intentional departure, and the defects must not pervade the whole, or be so essential as that the object which the parties intended to accomplish, to have a specified amount of work performed in a particular manner, is not accomplished. (35 Barb., 602.) The authorities establish that this is a question of fact, and from the nature

of the question it must be so. The report of the referee has been criticised by the counsel as not containing a finding of all the facts necessary to entitle the plaintiff to recover within the established rule. He does not, in terms, find that the party intended in good faith to perform the contract, but he says there was a substantial compliance; that the work was defective only in slight particulars, and that the defects are not of such a character as to defeat the right of action. It does not appear what the defects were, and the evidence does not appear in the case. Every intendment and presumption is in favor of the findings and judgment, and especially is that so when the evidence is not returned. The finding that the defects were slight and not of such a character as to preclude a recovery, we must presume, were warranted by the evidence before the referee. The rule stated in *Oberlander* v. *Speiss* (45 N. Y., 179), that a finding can be implied only when it would be justified by the evidence appearing in the case, is not applicable to a case when none of the evidence appears in the case. In such cases the rule necessarily requires the presumption that the evidence was sufficient. But this can scarcely be regarded as a defective finding; it really covers the whole ground. If the defects were of such a character as not to preclude a recovery, they must have been of the character described in the qualification to the rule referred to.

It is also claimed that the finding that the defects were of the value of seventy-five dollars, is inconsistent with such a compliance as the law requires, and there is some ground for saying that the defects were either not slight or not inadvertent in a job of $800 which would cause damages to the amount of seventy-five dollars. But can we say as a matter of law, that because of the allowance of that sum the contract was not substantially performed? It appears to me clear that we cannot. It is a question of fact, and we are concluded by the decision of the referee. It is not an impossible result, and we must presume that it was justified by the evidence.

SICKELS—VOL. XVII.     34

We think the provision in the judgment limiting an allowance to the defendant for payments upon mechanics' liens which existed to payments made within sixty days, might operate unjustly upon the defendant. She is not responsible for those liens, and should not be harmed by them.

The judgment must be modified by deducting the amount of the mechanics' liens, to be ascertained by the court below, which is consented to by respondent, and, as modified, judgment affirmed, without costs to either party in this court.

All concur; except ANDREWS, J., not voting; MILLER, J., not sitting.

Judgment accordingly.