The judgment is reversed and a new trial ordered, costs to abide the event.

---

## SUPREME COURT.

### MARIE ANTOINETTE WITTHAUS agt. FREDERICK C. C. SCHACK.

*Executing a deed without reading it — mistake — fraud and surprise —
Pleading.*

Where a complaint alleged that the plaintiff signed a deed without reading it, under a belief that its contents were different from what they really were, but it did not appear upon what facts the plaintiff's belief was founded, and that they were of a character to justify trust and confidence, or that it was through trust and confidence reposed in any one, or in any representation made or influence exercised, that plaintiff omitted to read the deed, before signing the same:

*Held,* that equity would not, for such mistaken belief, rescind the deed.

Where there is a mutual mistake of facts, equity will give relief by reforming the deed, so that the true agreement of the parties may be carried out. A mistake by one party, and fraud in the other, in taking advantage of the mistake, will also justify the court in granting relief.

Unless confidence is reposed, a party, before signing a deed, is put upon inquiry, and must exercise proper care and reasonable diligence.

The mistake, to correct the consequences of which a court of equity may be moved, arises through ignorance, surprise, imposition or misplaced confidence. These terms defined.

See note at end of the case.

*Special Term, March,* 1879.

DEMURRER to complaint.

*C. A. Davison*, for plaintiff.

*Lewis Sanders*, for defendant.

VAN VORST, *J.* — I conclude that the complaint in this action does not disclose a state of facts which justifies the rescission of the contract, or its reformation.

That the instrument signed by herself and husband was in fact different from what she supposed and believed it to be, no fraudulent representation or artifice having been used to obtain her signature, and no confidence having been abused, is no ground for rescinding it.

Where there is a mutual mistake of fact, equity will give relief by reforming the instrument, so that the agreement of the parties may be carried out. A mistake by one party, and fraud in the other, in taking advantage of the mistake, will also justify the court in granting relief (*Bryce* agt. *Lorillard Fire Ins. Co.*, 55 *N. Y.*, 240).

But of the parties to the deed in question, and those interested under it, the plaintiff only is alleged to have executed it under a mistaken supposition and belief as to its contents.

The complaint, indeed, alleges that before the deed was executed, and when plaintiff's attention was first called to the subject, " it had been proposed " that certain parcels of her husband's lands *north* of Fifty-ninth street should be set apart, to be held in trust for certain of his creditors, and that no property was suggested or named to the plaintiff in connection with the contemplated trust, or proposed to be embraced therein, other than that *north* of Fifty-ninth street.

It does not appear, by the complaint, who called the plaintiff's attention to the subject, or by whom or in whose interest " it had been proposed."

If such proposition proceeded from any person who expected to be a party to the instrument, or was to obtain any advantage

thereunder, with the design of deceiving her as to the true character of the deed, she would be called upon to sign, and such design was carried out by such person in the preparation of the deed it would be a fraud against which equity would, without doubt, relieve the plaintiff; or if, after the proposition was made and assented to, the other parties in interest had, without her consent, changed its terms in material parts, and, without knowledge or information of the change, plaintiff had, through confidence reposed in those who presented the deed for signature, executed the same without reading, supposing and believing it was prepared in conformity with what had been antecedently agreed to, that would present a case of mistake, through misplaced confidence, against which equity would relieve her.

But the complaint connects neither of the parties above alluded to with " the proposal" made to her, nor with any part in the preparation of the deed, or the obtaining of the signatures, nor are they implicated in any betrayal of confidence reposed.

In the absence of any allegations upon the subject we are not to presume that the proposal necessarily came from them, or that they have abused any confidence reposed, or did any thing to raise a mistaken belief or supposition in the plaintiff's mind, when she executed the deed, as to its contents.

Pleadings are not based or sustained upon presumptions. Facts must be alleged, especially where it is sought to obtain the rescission of a deed executed and acknowledged in proper form.

It is not alleged that any misrepresentation was made, or improper influence exercised to induce her signature.

Plaintiff, however, alleges that she signed without reading the deed, under a belief and supposition that it did not convey land *south* of Fifty-ninth street and that one of the creditors named was secured to an amount less than that actually stated therein, and that it did not include a creditor who, it appears, was provided for.

But it does not appear in distinct and clear terms upon what plaintiff's belief or supposition was founded, and that it

Witthaus agt. Schack.

was of a character to justify trust and confidence on her part, or that it was through trust and confidence reposed in any one, or in any representations made or influence exercised, that she executed the deed without reading or having the same read to her.

As far as the plaintiff's complaint discloses, *her* " mistake " was not shared by the other parties, nor does it appear that they had any reason to know that she had any supposition or belief that the contents of the deed were different from what appeared on the face of the instrument.

As already observed, I do not think that the complaint discloses such a mistake as would justify a rescission of the instrument.

The plaintiff's position at best, if there be a total absence of fraud, proceeds upon her failure to exercise proper care in signing the deed without reading it.

I am not aware that such fact alone justifies an action to rescind a deed. Unless confidence was reposed, a party is put upon inquiry. There must be reasonable diligence (*Story's Equity Jurisprudence, sec.* 146 *and note* 2).

The mistake, to correct the consequences of which a court of equity may be moved, arises through ignorance, surprise, imposition or misplaced confidence (*Story's Equity Jurisprudence, sec.* 110).

This is not a case of ignorance which would justify the relief asked, and, besides, it must appear that an unconscientious advantage was taken of the ignorance (*Idem, sec.* 147). And surprise, unless it becomes an ingredient or instrument of fraud, is not a subject of equity jurisdiction (*Willard's Equity Jurisprudence, page* 206).

The plaintiff's case, if properly expressed, would come under the head of imposition or misplaced confidence, but there are no facts alleged to justify such imputation against the other parties to the deed, or interested in its provisions.

In case of mutual mistake it is not necessary that there should be a presumption of fraud. But if there was, in truth, any mistake on the plaintiff's part exclusively, it must

Witthaus agt. Schack.

have originated in the suppression or concealment of the other side, and, through the exercise of improper influence and deceit, by which she was thrown off her guard and imposed upon, and facts disclosing such fraud, and connecting the other side, or some of them, with the fraud, should be alleged. Coming to this conclusion, as to the defective character of the plaintiff's complaint, in substance, it is not necessary to examine at length the other grounds of demurrer, as to an alleged defect of parties.

But, as the plaintiff may amend the complaint, I may express, as my opinion, that there is no such defect.

The trustee represents the *cestui que trusts*, and a defense by him will be their defense.

There should be judgment for the defendant on the demurrer, but with liberty to the plaintiff to amend on payment of costs.

No appeal.

NOTE.—Where one party to a contract, at the time he executes it, so conducts himself as to lead a reasonable man to believe that he understands and assents to its terms and the other party, so believing, executes and performs it on his part, the former is precluded from asserting that he did not so understand and assent, and is bound by it (*Phillip* agt. *Gallant*, 62 *N. Y.*, 256).

" Where a contract is required to be in writing and a party receives a paper as a contract, or where he knows or has reason to suppose that a paper delivered to him contains the terms of a special contract, he is bound to acquaint himself with its contents, and if he accepts and retains it he will be bound by it, although he did not read it" (*Madan* agt. *Sherard*, 73 *N. Y.*, 329, 334). But, where a traveler, on delivery of baggage to a local express company, receives a paper, which, from the circumstances of the transaction, he has a right to regard simply as a receipt or voucher to enable him to follow and identify his property and no notice is given to him that it embodies the terms of a special contract, *his omission to read the paper* is not, *per se*, negligence and he is not, as matter of law, bound by its terms. As to whether he accepted it with notice of its contents, or with notice that it contained the terms of a special contract, is one of evidence to be determined by the jury (*Idem; see, also, Blossom* agt. *Dodd*, 43 *N. Y.*, 270). [ED.