Dauchy v. Drake.

Judgment reversed and new trial ordered, with costs to abide the event.

---

SAMUEL T. DAUCHY, *et al.*, Appellants, *against* PATRICK H. DRAKE, *et al.*, Respondents.

(Decided February 2d, 1880.)

In an action for the value of advertising in newspapers, done under a contract by which the advertisements were to be inserted in the newspapers under a particular head, the plaintiffs, in order to recover, are bound to show the position in which the advertisements appeared in the papers, and thus prove a substantial compliance with the contract, or to show a waiver of such compliance by the defendants.

The plaintiffs, who were advertising agents, having contracts with the publishers of a large number of newspapers for the insertion of advertisements in their papers, agreed with the defendants to insert certain advertisements in several lists of newspapers, " in all 1075 papers, daily and weekly, to occupy same space and be set up as copy furnished, and inserted in our columns under head of 'New Advertisements.'" In an action for the value of the advertising done under this contract, proof was given of the position of the advertisements in only 200 papers, in 60 of which the advertisements were not placed under the head of "New Advertisements." *Held*, that a finding by the referee, upon this evidence, that the contract had not been substantially performed by the plaintiffs must be sustained; and that evidence offered by the plaintiffs, that in papers where the advertisements were not under the head "New Advertisements " they actually occupied positions more advantageous than if they had been under that head, was properly excluded.

An examination by an agent of the defendants of advertising done under the contracts, and an approval by him of the position of certain advertisements which were not in the place designated in the contract, would not amount to a waiver of the conditions of the contract ; there being no evidence that the defendants ever accepted, as a whole, the work done by the plaintiffs as a compliance with the contract.

APPEAL from a judgment of this court entered on the report of a referee.

The action was brought to recover the value of services rendered by the plaintiffs to the defendants in publishing certain advertisements. The defendants alleged that the advertis-

ing was done under a special agreement in writing, and that the plaintiffs had not performed the agreement on their part. The facts are stated in the opinion.

Upon trial before a referee, he found for the defendants, and on his report, judgment was entered for the defendants. From this judgment the plaintiffs appealed.

*Erastus New*, for appellants.

*Winchester Britton*, for respondents.

VAN BRUNT, J.—On or about the 26th day of February, 1870, the plaintiffs sent to the defendants the following letter:

> "Office of DAUCHY & Co.,
> 
> New York, February 26, 1870.
> 
> "Messrs. P. H. DRAKE & Co.,
> 
> 53 Park Place, N. Y.:
> 
> "Gents:—We will insert your advertisement of 'Plantation Bitters,' and 'Sea Moss Farine' (copy of which is hereto attached), in our list of papers, comprising the New York List of two hundred daily and weekly papers; New England List of one hundred and fifty weekly and twenty-five daily papers; Middle States List of two hundred daily and weekly papers; and Great Western List of five hundred weekly papers, in all 1075 papers, daily and weekly, to occupy same space and be set up as copy furnished, and inserted in our columns under head of 'New Advertisements,' for the sum of $1,800 per month, for six months longer; matter may be changed once or twice during continuance of the contract at no additional expense to you. It is understood that there shall be no 'Inside' or 'Outside' papers among the above.
> 
> "Awaiting your reply, we are
> 
> "Yours very truly,
> 
> "DAUCHY. & Co."

On or about March 1, the defendant returned the following reply:

"Office of P. H. Drake & Co.,
53, 55, & 57 Park Row,
New York, March 1, 1870.

"Messrs. Dauchy & Co.,
75 Fulton Street, New York:

"Gentlemen:—Referring to your favor of 25th ulto., covering propositions for inserting our advertisements of Farine and Bitters, in your list of 1075 papers, daily and weekly, for the monthly sum of $1,800, we would say, that we accept the proposition, with the proviso, that if at the expiration of two months from date, the style and position of advertisement should not prove satisfactory, we shall have the privilege of sending electrotype cut of matter or discontinuing entirely.

"Resp'y yours,            P. H. Drake & Co.
"H. Clark."

The plaintiff commenced the fulfillment of the contract thus entered into, and on the 25th of April, 1870, received the following letter from the defendants:

"Office of P. H. Drake & Co.,
53 Park Place,
New York, April 25, 1870.

"Messrs. Dauchy & Co.,
75 Fulton Street, New York:

"Gentlemen:—You will please consider our contract with you for advertising 'Farine and Bitters,' accepted under date of March 1, 1870, discontinued and void; no further notice will be given; please take notice, and oblige.

"Yours respectfully,            P. H. Drake & Co.
"Per H. M. Clark."

The plaintiffs thereupon commenced this action to recover for the work already performed, and damages for the refusal to allow plaintiffs to continue the performance of the agreement. One of the defenses set up was the failure to comply with the

contract in respect to the position of the advertisements. By the contract the advertisements were to be inserted in the 1075 papers," in our column under the head of New Advertisements." There was proof of the position of the advertisement in only two hundred papers, and of this two hundred, in sixty of them the advertisement was not placed under the head of New Advertisements, and there was no proof as to the balance. It is claimed, and I think rightfully, that the plaintiffs were bound to show the position in which the advertisement appeared in the papers, and thus prove a substantial compliance with the contract, or a waiver of such compliance by the defendants, in order to entitle them to a recovery. This they have utterly failed to do, having proved the position of the advertisement in but two hundred papers out of a thousand. But taking the most favorable view for the plaintiffs of the evidence, and we can only assume that the same rule prevailed in the remaining papers, in three hundred of them the advertisement did not appear in the place required by the contract. This certainly was a substantial matter and could not have been disregarded by the referee. The plaintiffs say : " The failure to have the advertisement in all the papers under the head of ' New Advertisements,' ought not ·to defeat plaintiff's claim, because: 1st. It was not of the essence of the contract. " There were other positions in the papers *more desirable* in the *estimation* of defendants themselves, as appears by defendants' first letter, asking to have the advertisement next to reading matter ; and upon the trial plaintiffs offered to show where in the papers the advertisements not under the head of ' New Advertisements' actually were, and to show that the positions that they actually occupied were more advantageous than if they had been under that head." It is difficult to see why this requirement was not of the essence of the contract. It was distinctly set forth in the contract, and we are not permitted to speculate as to whether it was or not of the essence of the contract. It was so denominated in the bond, and the defendants were entitled to have this condition fulfilled. But the plaintiffs say that there were other positions more desirable in the estimation of the defendants themselves. Where

Dauchy v. Drake.

there is any such evidence, the plaintiffs have utterly failed to point out.

When evidence was offered to show that the advertisements were in a better position than required by the contract, the evidence was properly excluded, because the defendants had contracted for a particular position in the paper, and they were entitled to that, and no other could be forced upon them, no matter how much better it might be.

The claim that by the examination made by Clark any of the conditions of the contract were waived cannot prevail. Even if in his examination he did, as he went along, approve of the position of certain advertisements which were not in the place designated in the contract, there is no evidence that the defendants ever accepted as a whole the work done by the plaintiffs as a compliance with the contract. Almost immediately after Mr. Clark's examination, the letter of April 25, 1876, was written, discontinuing the contract. The fair construction of that letter, written immediately after the result of Mr. Clark's examination was reported to the defendants, requires us to find that it was a notice that the plaintiffs having failed to comply with their contract, the defendants would not be bound by it.

The plaintiffs cannot show that, because they put the advertisement in what witnesses might deem a better position than the one designated in the contract, therefore they did not intend to depart from the contract.

They might possibly be allowed to show that by accident, mistake, or oversight in some few instances the advertisements had been misplaced, but when there is no proof as to where the advertisement was placed in eight-tenths of the papers, or at best that it was misplaced in one-third of them, it would take much more evidence than this case affords to show that such departure from the contract was unintentional. In the case of *Phillip* v. *Gallant* (62 N. Y. 256) there was an express finding by the referee that there had been a substantial compliance with the contract, and the court held that they were bound by that finding, the amount allowed for damages not being so inconsistent with the finding of substantial perform-

ance as to authorize a holding that, as a matter of law, the contract was not substantially performed. The case at bar differs from the one above cited in one very important particular, in this, that the referee has found in the case at bar, upon proper evidence, and properly, as we think, that there has not been a substantial compliance with the contract; whereas in the cases cited the finding of the referee was exactly to the contrary. I am of the opinion, therefore, that the judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed, with costs.