Barker, J.
The evidence tended to show that the mechanical work was well and properly done, and in full compliance with the contract and specifications. The proof is not all one way on this subject; on the contrary, it is highly contradictory. If the jury had adopted the defendant’s evidence on this question as the most reliable and wholly discarded the plaintiff’s proof as unworthy of credence, they would have been justified in finding a verdict for the defendant upon the ground that the workmanship was defective, and that the same ran all through the building, from the foundation to the roof boards. But after examining all the evidence relative to the character of the mechanical work, it is such as to justify the jury in reaching the conclusion that the plaintiff had performed his agreement in this respect. It is quite unnecessary to refer to the items of evidence produced by the plaintiff on his issue. The plaintiff himself and the workmen who did the labor, are very positive in their statements as to the character of the work mentioned, however strongly it may be condemned as being rough and defective in many respects by the defendant’s witnesses. It is a case of conflict of evidence which the jury have disposed of, and this court cannot interfere with their determination.
The other objections relate to the kind and quality of the material used, some of which is different in kind from that mentioned in the contract and specifications. They required the over-head ceiling in the main room of the building to be of “ second-class pine.” The plaintiff substituted in its place basswood. The plaintiff claims that the trustee for the district, and the members of the advisory committee, consented to the change, and allowed the use of basswood in place of the pine. Upon this question, the proofs were again contradictory. The plaintiff himself as a witness states in quite positive terms that it was agreed that the change might be made. Mr. Woodward, the carpenter, who worked upon the building, sustains the plaintiff’s statement. The finding of the jury on this issue should not be disturbed.
*167 The contract required the floor to be laid with good, sound liard-wood, planed and matched, not less than one inch thick, nor over five inches wide. The defendant’s evidence tended to show that it was less than one inch thick. One witness for the plaintiff, a workman on the building, says that it was one inch thick when laid. The plaintiff says it was made of inch boards, and when planed, it was at least five-sixteenths of an inch thick. Here again, the plaintiff’s position, that he substantially complied with the contract, is sustained by the evidence of unimpeached witnesses.
The specifications require knobs to be used on one of the doors. The plaintiff used in their stead, metallic handles, which can be easily removed and glass knobs placed in their stead, without much trouble. The windows were to be cased with good pine lumber. This was not done, but hemlock was used for the inside casing. The style of casings required by the specifications were very plain; no ornamentation whatever being required. The hemlock pieces could be easily removed if desired, and pine substituted without injury to any part of the building, and at a cost which could be easily estimated.
I have examined all the exceptions taken on the trial to the reception and rejection of evidence, to which our attention has been called by the appellant’s points, and I discover no error in the rulings which would justify the granting of a new trial.
The learned trial judge charged the jury in substance, that if the plaintiff had performed his contract entire, then he was entitled to recover the contract price, and if they found that he had not so performed his agreement in all respects, then, whether he was entitled to a verdict for any sum whatever, depended upon other questions of fact, which they were to determine. That if he had not strictly and fully complied with the contract in all respects, and had acted in good faith, intending to and attempting to perform his contract, and did substantially perform it, though not strictly and literally so, he was entitled to® recover not the full contract price, but deducting from the same ■ a sum sufficient to fully indemnify the defendant from all damage and injury arising from the defects and the particulars in which the contract was not fully and strictly performed. But if the plaintiff’s failure to strictly perform his contract, was owing to a want of good faith on his part, or want of intention or attempt strictly to perform on his part, or if he wilfully or knowingly disregarded the requirements of the contract and specifications, he could not recover anything. To the charge as made, the defendant took no exception. The court also charged the jury, at the request of the defendant, that if the plaintiff knew at the time he put basswood ceiling over-head, that the defendant and the committee did not consent thereto, it was not a substantial compliance with the contract and specifications, *168 and the plaintiff could not recover. The defendant, among other things, asked the court to charge the jury that the affirmative was with the plaintiff to show that the defendant or committee consented to substitute basswood ceiling for pine ceiling, and unless he has shown that, by a preponderance of evidence, his action in putting on the basswood ceiling instead of pine was not warranted by the specifications, and is a substantial departure from the specifications, and the plaintiff cannot recover. To this request, the court replied: I decline to charge the jury in accordance with the request, unless they are satisfied that the plaintiff understood from what took place between the committee and himself on the evening of the school-meeting in reference to this ceiling, unless he understood that in good faith as an arrangement on their part, that he could make that substitution. The affirmative falls upon him to show that fact, that he was acting in good faith and believed he was acting in good faith, and believed that he was acting in conformity with an arrangement made with the committee. An exception was taken to the refusal to charge as requested, and to the charge as modified.
The effect of the several propositions, when read together and fairly construed, amount to this, that the plaintiff could not recover if he knowingly used basswood instead of pine, without the consent of the trustees. But if from the negotiations had with the trustee, he understood and in good faith believed that the trustee had given his consent to the change, although he had not, in fact, then he might recover, deducting from the contract price the damages to the defendant, arising from substituting one kind of material for the other. That is to say, that it was for the jury to determine, although the defendant had not consented to the change, whether the use of basswood for the ceiling was a substantial compliance with the contract, the plaintiff intending in good faith to perform the contract, and liad substantially done so. If the defendant did not consent to the change, the rule of construction adopted by the court, that the plaintiff had not performed his contract specifically and fully, and he could not recover the contract price. But if he, in good faith, believed from the conversation he had with the trustee that the substitution might be made, and made it in good faith, then we think a case was made in which the jury would be justified in saying that the contract was substantially complied with, and there was no intentional departure from the agreement and specifications. There was no proof in the case that basswood was not a proper material and as useful as pine for this purpose. Nevertheless the court recognized the general rule of law, that where a party stipulates for a particular kind of material to be used in the construction of a building, the omission to do so is a breach of the contract.
*169 The court was requested to charge several other propositions which were refused, all of which had been carefully examined, and in view of the charge as made, and the legal propositions involved in the several requests, we fail to discover any error. The jury were permitted under the charge to deduct from the contract price every item of damage which they, from the evidence, believed the defendant had sustained by reason of the plaintiff’s non-performance of the agreement, which the jury have assessed and deducted from the contract price, and they could not have estimated the same above-$50, and in their judgment they may not have exceeded $25, depending upon whether they allowed anything or not for extra labor. Adopting the evidence as given by the plaintiff’s witnesses, as the jury must have done in view of the charge and their verdict, then it may well be said that the plaintiff did substantially comply with his contract, and the defendant has been indemnified against all loss by the abatement which the jury have made from the contract price. The general rule of law applicable to the case is well settled in this State by repeated decisions, and is as follows : That in a building contract where performance is made a condition of payment, performance must be shown to entitle a party to recover. But when the builder has in good faith intended to and has substantially complied with the contract, although there may be slight defects caused by inadvertence or unintentional omissions, be may recover the contract price, less the damage on account of such defects. Smith v. Brady, 17 N. Y., 173; Johnson v. Depeyster, 50 N. Y., 666; Glacius v. Black, 50 N. Y., 145; Phillip v. Gallant, 62 N. Y., 256.
Judgment and order affirmed.
All concur.