### WEEKS v. O'BRIEN.

*(Superior Court of New York City, General Term.   January 5, 1891.)*

1. BUILDING CONTRACT—PERFORMANCE—ARCHITECT'S CERTIFICATE.
  Where a requirement of a building contract, that the cellar be made water-tight, (its situation making it subject to the flowing of water,) is not performed, and the omission is not shown to have been unintentional, there is not a substantial performance of the contract; and the refusal of an architect to give the certificate required by the contract as a condition precedent to the last payment thereon is not unreasonable, and the builder cannot recover such payment.
2. APPEAL—OBJECTIONS NOT RAISED BELOW.
  A judgment of dismissal, at the trial of a complaint containing two causes of action, for failure of proof, will not be reversed because the second cause of action was not submitted to the jury, where no request was made therefor, and that cause of action was not noticed during the trial.

Appeal from trial term.

Action by Benjamin Weeks against James O'Brien, executor of Ellen O'Brien, deceased.   Plaintiff appeals from a judgment for defendant, entered on the dismissal of the complaint at the trial.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*George W. McAdam*, (*Albert Mathews*, of counsel,) for appellant.   *Edmund Huerstel*, (*Abram Kling*, of counsel,) for respondent.

SEDGWICK, C. J.   The action was to recover the amount of the last payment upon a building contract, provided to be paid upon the architect's certificate.   In the plaintiff's case it appeared that the contract had not been performed in several particulars.   The most important of these was that the cellar bottom had not been laid in accordance with the contract, which required that it should be made water-tight.   Its situation was such that it was subject to the flowing of water.   It had been once laid by a subcontractor of the plaintiff, but about the time for the completion of the contract water had come in and broken up the bottom.   It was in this state when the plaintiff left the work.   The architect refused to give a certificate.   On the trial it was argued by the plaintiff that the architect's refusal was unreasonable, as the work not done was a minor and comparatively unimportant part of the work to be done under the contract, and the contract had been substantially performed.   A cellar has an important relation to the building above it in respect of health, comfort, and state of the building itself.   The omission to comply with the contract could not be called unintentional in the sense of those cases which have allowed the certificate to be dispensed with.   *Phillip* v. *Gallant*, 62 N. Y. 264; *Woodworth* v. *Fuller*, 80 N. Y. 312.   There was not an omission to notice it because the other details of the contract were numerous.   Attention had been given to the cellar, and everything done or omitted had purpose and intention.   The plaintiff failed to prove that the contract had been substantially performed, or that the certificate had been unreasonably withheld.   This called for the dismissal of the complaint.   The jury could not have used the testimony in a way that would have justified them in finding for the plaintiff on these matters.

There was a second cause of action, and the counsel for appellant argues that it should have gone to the jury.   There was no request that this should

be presented to the jury, and the manner in which this action was treated led to the second cause of action not being noticed. Judgment affirmed, with costs.

FREEDMAN, J., concurs.

INGRAHAM, J.   By the contract sued on, the certificate of the architect as to the work was a condition precedent to the right of the plaintiff to receive the payment, to recover which this action is brought.   The complaint does not allege that such a certificate was given, nor is it alleged that the architect unreasonably refused to give such a certificate.   It was conceded on the trial that no such certificate was given by the architect.   The complaint was dismissed upon the express ground that it was not alleged either that the certificate was given or that the architect unreasonably refused to give the certificate.   There was no application to amend the complaint.   The evidence of the plaintiff showed that the plaintiff had failed to complete his contract, and it was upon this ground that the architect refused to give the certificate.   The evidence did not justify a finding of the jury that the contract had been substantially complied with, or that the refusal of the architect to give a certificate was unreasonable.   The only request for a certificate was the letter of September 8, 1882.   To that the architect replied, stating the grounds of his refusal.   They were that the contract was not completed, and that subcontractors had filed liens.   These reasons fully justified the refusal, and there was no evidence that the reasons given by the architect were not founded on fact.   In fact, the evidence did show that the plaintiff had not completed his contract; that the cellar was not water-tight; and it would appear from the plan introduced in evidence that a foundation for the cellar floor of the thickness of two feet was required.   This plaintiff conceded he had failed to furnish.   It would thus appear that the plaintiff failed to either allege or prove the condition upon which his right to recover depended, viz., that the certificate of the architect had been given or unreasonably refused.   The right to recover was not by the complaint based upon the fact that the defendant's testatrix had accepted the alternative provision of the contract, and completed the work herself, but upon the right of the plaintiff to recover the amount due on the contract because of its substantial completion.   The objection was taken that no such cause of action was alleged, and the court so held.   If plaintiff had desired to present such a question an application should have been made to amend the complaint.   I agree, therefore, that the complaint was properly dismissed, and that the judgment should be affirmed, with costs