Per Curiam.
The action was to recover the amount of the last payment upon a building contract provided to be paid upon the architect’s certificate. In the plaintiffs case it appeared that the contract had not been performed in several particulars. The most important of these was that the cellar bottom had not been laid in accordance with the contract which required that it should be made water-tight. Its situation was such that it was subject to the flowing of water. It had been once laid by a sub-contractor of the plaintiff, but about the time for the completion of the contract water had come in and broken up the bottom. It was in this state when the plaintiff left the work. The architect refused to give a certificate.
*30 On the trial it was argued by the plaintiff that the architect’s refusal was unreasonable, as the work not done was a minor and comparatively unimportant part of the work done under the contract, and the contract had been substantially performed.
A cellar has an important relation to the building above it, in respect of health, comfort, and the state of the building itself. The omission to comply with the contract could not be called unintentional in the sense of those cases which have allowed the certificate to be dispensed with. Phillip v. Gallant, 62 N. Y. 256 ; Woodward v. Fuller, 80 Ib. 312. There was not an omission to notice it because the other details of the contract were numerous. Attention had been given to the cellar, and everything done or omitted had purpose and intention. The plaintiff failed to prove that the contract had been substantially performed, or that the certificate had been unreasonably withheld. This called for the dismissal of the complaint. The jury could not have used the testimony in a way that would have justified them in finding for the' plaintiff on these matters.
There was a second cause of action, and the counsel for appellant argues that it should have gone to the jury. There was no request that this should be presented to the jury, and the manner in which the action was treated led to the second cause of action not being noticed.
Judgment affirmed, with costs.