(16 App. Div. 141.)

### DESMOND-DUNNE CO. v. FRIEDMAN-DOSCHER CO.

(Supreme Court, Appellate Division, Second Department.   April 26, 1897.)

CONTRACTS—ACTION ON—SUBSTANTIAL PERFORMANCE.

The contract price of work done may be recovered on proof of substantial compliance with the contract, where defendant does not rely on the failure to fully perform the contract as a partial defense.

Appeal from trial term, Kings county.

Action by the Desmond-Dunne Company against the Friedman-Doscher Company on promissory notes.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Joseph C. Rosenbaum, for appellant.
Jesse Johnson, for respondent.

BRADLEY, J.    This action represents the consolidation of three actions commenced in May, June, and July, 1896, upon promissory notes of the defendant, of date October 1, 1895, for $333.33 each, payable to the order of the plaintiff in seven, eight, and nine months, re-

spectively. The consideration of the notes was the agreement of the plaintiff to place the defendant's soap signs, of the character specified, on the stations and in the cars of the Kings County Elevated Railroad, in the manner and as also specified in the agreement, for the term of six months from October 1, 1895. The notes were delivered to the plaintiff on November 7, 1895, when a further agreement was made to the effect that the printed signs at the bridge terminal are to be and remain in position for six months from the completion of that station; that the signs were to occupy canopies on main platform, one sign at the foot, and one at the head, of main stairway, and all advertising to date October 15, 1895, and to run eight months. The number of signs requisite to the performance of the agreement was 1,400 or 1,500. It is conceded by the evidence on the part of the defendant that, at the time the notes were delivered, everything required of the plaintiff by the agreement had been performed, with the exception of 20 signs, and they were the ones referred to in the further agreement of November to be placed at the bridge terminal of the railroad. The evidence on the part of the plaintiff gives as the reason why those 20 signs were not put up prior to October 1, 1895, that alterations were being made in the terminal there; and, further, that those 20 signs were up in the Brighton Beach part of the bridge terminal prior to the time of the delivery of the notes; and that it was agreed that, when the station was completed there, the signs were to be divided between the two platforms at the terminal, with a view to which the agreement of November 7th was made; and that this was done by the plaintiff in January following.

Notwithstanding the notes, by their terms, had become due before the action was commenced, it is urged that no right of action on them could arise until the expiration of six months after the signs were put up at the bridge terminal; and the court was requested and declined to charge the jury that, unless such time had elapsed after that time before the action was commenced, the defendant was entitled to a verdict. No such condition is expressed in the written contract, and the evidence on the part of the plaintiff is that there was no such arrangement. If it be assumed that the station referred to in agreement of November 7, 1895, was the permanent station there, and that it was not completed until in January following, that did not necessarily defeat the right of action upon the notes at their maturity, nor did it necessarily constitute a defense. The defendant does not rely upon a partial defense; by way of damages, for failure to fully perform the contract, but, by the answer, alleges that the plaintiff had not complied with the terms of the contract, in that it had not placed the number of signs agreed upon between the parties as part consideration for the notes, and had not placed them in the localities agreed upon by the parties; nor did the defendant seek to prove any damages for any alleged failure to fully perform the contract. Unless, therefore, at the trial, a question was available and raised by exception which went to defeat entirely a recovery by the plaintiff, there was no error in the result. The court was requested to charge the jury that a strict compliance with the agreement was necessary to enable the plaintiff to recover. This the court declined, and charged

the jury that a substantial performance of the contract would enable the plaintiff to recover, and submitted that question to the jury. The exceptions to such refusal to charge and to the charge as so made were not well taken, as the evidence was such as to permit the jury to find that the contract had been substantially performed by the plaintiff. In that event, if the plaintiff had failed fully to complete the performance of the contract according to its terms, the defendant was entitled to allege, prove, and have allowed such damages as resulted from such default. Phillip v. Gallant, 62 N. Y. 256; Flaherty v. Miner, 123 N. Y. 382, 25 N. E. 418. There was no error in the rulings of the court.

The judgment and order should be affirmed. All concur.