## SPINNER v. DUTTON.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. CONTRACTS (§ 322*)—PERFORMANCE—DEFECTS IN PERFORMANCE—SUBSTANTIAL DAMAGES.

Where the parties to a contract for the laying by plaintiff of an iron pipe from a reservoir to a house on defendant's premises intended that the pipe should be laid so as to bring water from the reservoir to the house, and a break in the pipe prevented it from being used for such purpose, the mere fact that the break could, on being discovered, be remedied at a trifling cost, was not conclusive that the defect was not material; and where the failure of plaintiff to properly lay the pipe caused proximately substantial damages to defendant, the latter may show such damages to prove that the contract was not substantially performed, as well as a basis for a counterclaim in an action by plaintiff on the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1768; Dec. Dig. § 322.*]

2. DAMAGES (§ 45*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

Where a contractor to lay an iron pipe to carry water from a reservoir to the house of the owner so laid a pipe as to cause a break therein, which was not discovered, and the contractor notified the owner that the defect was in the water system, and that the only way to remedy it was to obtain a greater supply of water, and the owner, to obtain water, incurred expenses in procuring a new water supply, though the original water supply was sufficient, the owner could recover from the contractor, as damages for breach of contract, the cost of procuring the new water supply, as the proximate result of the failure to perform the contract.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 92–98; Dec. Dig. § 45.*]

Bijur, J., dissenting in part.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Francis E. Spinner against George D. Dutton. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Root, Clark & Bird, of New York City (Grenville Clark, of counsel), for appellant.

James E. Duross, of New York City, for respondent.

LEHMAN, J.   The plaintiff was employed by the defendant to lay a line of iron pipe from a reservoir to a house upon defendant's country place.   After the line was laid, water ran from the reservoir to the house for about a week, and then ceased running.   Defendant notified the plaintiff of this fact, and plaintiff visited the country place with his foreman. They examined the reservoir and made certain tests upon the pipe, and then informed the defendant that the pipes were all right, and that the trouble was due to a lack of water in the reservoir, and advised to remedy this trouble by tapping a new water

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

supply. The defendant acted upon this advice, and built an additional reservoir, windmill, etc. The new work was completed in about two months. In the meanwhile the defendant was obliged to move out of his house. When the new water supply was allowed to flow into the reservoir, it was found that, in spite of the fact that there was then a sufficient supply of water in the reservoir, it failed to supply the house. An examination then disclosed that, at a point where the slope of the ground turned upward toward the house, the ground was saturated with water. This clearly indicated a break in the pipe at that point. The defendant excavated to the pipe, and repaired the break at this point. It was shown that this break occurred through the negligence of the plaintiff in bending the pipe where the ground sloped, instead of inserting an elbow in the pipe.

The plaintiff brought suit for the agreed price of the work. The defendant denied that the work was properly performed, and counterclaimed for the damages caused by the building of a new reservoir and by being forced to abandon his residence. The trial justice excluded evidence of these damages, and gave judgment for the plaintiff for the agreed price of his work, less the trifling costs of the actual repair of the break, upon the theory of substantial performance. The judgment has established that the plaintiff has failed fully to perform his contract. If his failure to perform was substantial, he can, of course, not recover.

"Defects must not pervade the whole, or be so essential as that the object which the parties intended to accomplish to have a specified amount of work performed in a particular manner is not accomplished." Phillip v. Gallant, 62 N. Y. 256, 264.

[1] In this case the parties not only intended that the pipe should be laid, but that it should be laid in such a manner that it would bring water from the reservoir to the house. The break in the pipe was sufficient to prevent the pipe from being used for this purpose. The mere fact that, when the break was discovered, it cost only a trifling sum to remedy the defect, is not in itself conclusive that the defect was not material. If, as the natural and proximate result of the failure of the plaintiff fully to complete, the defendant suffered substantial damages, he may show such damages, both for the purpose of showing that the contract was not substantially performed, and as a basis for his counterclaim.

[2] The sole question presented by this appeal is, therefore, whether or not proof of damages suffered by the defendant was properly excluded by the trial justice, because they were not the natural and proximate result of the plaintiff's failure to perform. The plaintiff contended at the trial, and produced some evidence, that when he examined the pipe after the water ceased to flow to the house there was not enough water to reach the outlet of the reservoir, and that the cost of procuring the new water supply and the necessity of abandoning the house were due to natural causes not connected with his work. The defendant, however, produced evidence to show that the water supply was amply sufficient to cover the outlet. If the records showed that the trial justice decided this question of fact in favor of the

plaintiff, then there would be no merit in this appeal. The trial justice, however, absolutely refused the proof of damages as a matter of law before deciding the questions of fact involved, and we cannot, therefore, now hold that he has decided this question of fact in favor of the plaintiff.

We must therefore determine the question whether the damage suffered by the defendant was the proximate result of the plaintiff's failure to perform, upon the assumption that the defendant's evidence that the failure to obtain the water at the house was due to the leak, and not to any scarcity of water, is true. It was then the defendant's duty to try to obtain water in the house at the smallest reasonable expense, and the proximate damage to him was this expense. Ordinarily, of course, the cost of an unnecessary new water supply would not be a proper item of expense. In this case, however, the defendant notified the plaintiff of the defect in his water system, and the plaintiff pointed out to the defendant that the only way to remedy it was to obtain a greater supply of water. By these acts the plaintiff has admitted that it was reasonable on the part of the defendant to endeavor to remedy the defects in the water system by obtaining a greater supply of water, and cannot now maintain that, though the defect in the system was due to his own fault, the expense incurred in attempting to remedy it was unreasonable, and not the proximate and natural damage flowing from his own failure to perform.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

BIJUR, J. I concur in the result, because I believe that the learned trial justice erroneously excluded all evidence tending to show the necessary resultant disuse of the house by the defendant and its rental value during the period of unavailability. I cannot, however, agree that the cost of bringing in an additional water supply is to be included in the proper measure of damages. That item appears to me to be altogether too remote and necessarily outside of the contemplation of the parties when the agreement was made. My view may well be illustrated by the hypothesis that the plaintiff, instead of committing a breach of the contract by insufficient work, had deliberately refused to do any part of the work, and had, simultaneously with such refusal, advised or suggested to the defendant that in any event the water supply at the reservoir was or would be insufficient, and that, therefore, defendant should install an additional supply. Would the expense of installing the new supply be within the measure of damage for plaintiff's breach of contract, evidenced by his refusal to perform?

SEABURY, J., concurs.