### OBERLIES *v.* BULINGER.

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

CONTRACTS—SUBSTANTIAL PERFORMANCE.

    Where a contractor, for the erection of a two-story frame dwelling-house, with-
    out permission of the architect or owner, constructs the rear part of the house five
    inches lower than the height called for, there is a substantial failure to perform the
    agreement, which will preclude a recovery thereon.

Exceptions from circuit court, Monroe county.

Action by Henry Oberlies against Balthasar Bulinger. Plaintiff was non-
suited, and his exceptions were ordered heard in first instance at general
term.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Abraham Benedict,* for plaintiff. *Walter S. Hubbell,* for defendant.

MACOMBER, J. This action is brought to recover a balance of $1,223.75
alleged to be due and unpaid upon a building contract entered into between
the plaintiff and the defendant on the 2d day of June, 1887, by which the
plaintiff was to perform the carpenter and joiner work upon a two-story frame
dwelling-house, to be erected for the defendant in the city of Rochester, in a
good, workman-like, substantial manner, and agreeably to, etc., drawings and
specifications made by the architect, and to have the same completed on or
before the 1st day of November of that year, for which he was to receive from
the defendant the sum of $3,050, 80 per cent. of which was to be paid from
time to time as the work progressed, and the balance when the whole contract
had been completed, and the work accepted, in accordance with the architect's
certificates. By the terms of the written agreement, the drawings and specifi-
cations made by the architect, for the guidance of the contractor, were made a
part thereof, so that any work shown on the drawings which was not men-
tioned in the specifications, or *vice versa*, was to be performed the same as
though particularly specified, without any extra charge. The defendant vol-
untarily paid the plaintiff from time to time on the contract, as often as money
was demanded, but without any certificate from the architect, until the final
demand, which was refused. The plaintiff, on the 3d day of December, 1887,
claiming that he had performed his contract, demanded a payment of the
balance unpaid from the defendant, and presented to him the following cer-

tificate of the architect: "This will certify that the carpenter and joiner work of your house on Alexander street, under contract with Henry Oberlies, has been completed in accordance with the plans and specifications, with the exception of the roof of addition, which is deficient in height about five inches." The statement contained in this certificate that the rear part of the house was deficient by five inches in height, required by the contract, specifications, and drawings, is shown to be unqualifiedly true. Indeed there is no evidence denying the fact. The plaintiff, in carrying out his agreement, ignored, without permission of the architect or of the owner, the obligations of his contract to construct the building of a certain height. The defendant has, by no act or word, accepted such partial performance, nor waived this part of the contract. The effect of this departure from the agreement is to make the attic inside at the ridge five inches lower than the height called for. This is not a substantial performance of the agreement, but a failure to perform it. When performance is a condition of payment, as in this case, the former must be shown to entitle the party to recover, unless such want of performance has been waived, or the party released. Builders, like other parties, should be required to perform their contracts in order to be entitled to payment, where the employer's agreement is to pay only upon condition of such performance. This by no means forfeits a recovery where the defects or omissions are inadvertent, unimportant, and readily measured by pecuniary compensation. The owner should be permitted to say how high his house shall be, and the party having contracted to build it at that height must be held to his agreement; otherwise, it is idle for persons to go to the trouble of making written agreements. *Smith* v. *Brady,* 17 N. Y. 173; *Glacius* v. *Black,* 50 N. Y. 145. Motion for a new trial denied, and judgment ordered for the defendant, upon the nonsuit, with costs. All concur.