## KETCHUM *et al, v.* HERRINGTON.

(*Supreme Court, General Term, Fifth Department.*    March, 1892.)

REFERENCE—INCONSISTENT FINDINGS.

In an action to recover a balance alleged to be due on a building contract, the referee found that the "collar beams," which were required by the contract, were omitted; that, as a result of such omission, the sides of the barn spread, and the roof sunk, rendering the barn not only unsightly, but dangerous; that, at the time plaintiffs quit work, the buildings were worth, by reason of defects, $750 less than if constructed according to the contract, besides the amount expended by defendant in the completion.    The referee also found that plaintiffs constructed the buildings "substantially in accordance" with the contract and specifications.    The contract price of the work completed was $2,500, of which $1,500 has been paid.    The referee found, as a conclusion of law, that plaintiffs were entitled to recover the balance of the contract price and "extras," after deducting the damages for defective construction and the sum paid by defendant for the completion of the buildings.    *Held,* that the findings were inconsistent, and would not support the conclusion of law.

Appeal from judgment on report of referee.

Action by James E. Ketchum and others against Elizabeth Herrington to recover a balance alleged to be due on a building contract.    From a judgment in favor of plaintiffs, defendant appeals.    Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. F. Remington,* for appellant.    *A. Harrington,* for respondents.

DWIGHT, P. J.    The action was on a building contract, to recover a balance of the contract price of building two barns, and the value of certain extra work and materials done and furnished by the contractors.    The defendant, by her answer, denied that the contract had been performed according to its terms, and set up a counter-claim of damages for its non-performance.    Among other deviations from the plans and specifications upon which the contract was based, it was conceded that the "collar beams" which should have joined together the tops of the two "purlin posts" in each bent of the

grain barn were omitted from the structure, and that nothing was substituted in their place. The plaintiffs contended that the omission was with the consent of the defendant, which she denied, and to that question a considerable portion of the evidence in the case was addressed. The referee makes no specific finding on this question, but his conclusion of fact as to the amount of damages sustained by the defendant, by reason of defects of construction, shows plainly that he decided that the defendant had not consented to or waived the defect in question. And so he says in his opinion, which may be referred to for the purpose of explaining how he arrived at the conclusions of his rather meager report. There he speaks of these collar beams as "ties which were designed to hold the building together and support the roof," and says that the result of their omission has been "that the sides of the building have spread apart, and the roof is sunken, rendering it unsightly and the use of the barn dangerous." He says further, of the tie-beams, "they were required by the contract, and were necessary to the safe construction of the building;" and, further, that "the defect which occasions nearly the defendant's entire loss and damage sustained by the faulty construction is the absence of the tie beams or girders." These statements are entirely borne out by the evidence, and they show, not only the serious nature of the omission, but that the referee must have found that it was not consented to by the defendant, and that it constituted the chief basis for the damages awarded to her. The contract price of the work completed was $2,500, of which the defendant had paid $1,500 during its progress. The referee finds that the plaintiffs left the work not entirely finished, and that the defendant completed it at an expense of $126.06, and he finds "that, at the time the plaintiffs quit work on said buildings, the same were worth, by reason of defects in the construction thereof, $750 less than if constructed in the manner required by the contract, and the plans and specifications which were a part thereof, besides the amount expended by the defendant in the completion of said buildings." And yet the report contains a formal finding, under the designation of "Findings of Fact," to the effect that the plaintiffs constructed the buildings "substantially in accordance" with the contract and specifications; and, as a sole conclusion of law, that the plaintiffs are entitled to recover the balance of the contract price and "extras," after deducting the damages for defective construction and the sum paid by the defendant for the completion of the buildings.

We are of the opinion that the two findings, (1) of the defective construction of the buildings and the damages occasioned to the defendant thereby, and (2) that they were constructed in substantial accordance with the contract and specifications, do not stand together; and that the two, taken together, do not support the conclusions of law that the plaintiffs are entitled to recover on the contract. The entire contract price was $2,500, while the allowance to the defendant for defective construction, in violation of the contract, with the value of the work in completing the buildings left undone by the plaintiffs, amount to the sum of $876, or more than one-third of the entire contract price. So far from being substantially in accordance with the contract, this work seems to have been substantially in violation of the contract; and there is no rule of law which permits such defects and failures of performance to be disregarded in determining whether a contract has been substantially performed. So we said, in substance, in *Oberlies* v. *Bulinger*, (Sup.) 11 N. Y. Supp. 264, and the failure of performance in that case was certainly not more substantial than in this. The cases, there cited, of *Smith* v. *Brady*, 17 N. Y. 173, and *Glacius* v. *Black*, 50 N. Y. 146, fully sustain the conclusions in that case as well as that which we have reached in this. It is only technical, inadvertent, or unimportant omissions or defects which may be disregarded in an action on a building contract, (*Sinclair* v. *Tallmadge*, 35 Barb. 602;) and it may safely be said that no case has ever

gone so far as to hold that defects which amount in value to one-third of the contract price, and which render a building unsightly and even unsafe for occupation, could be so disregarded.

The objection is suggested that the finding of substantial performance is a finding of fact, and not subject to exception. That finding, though coming under the heading of "Conclusions of Fact," is manifestly a mixed conclusion of fact and law. In the case of *Glacius* v. *Black*, 67 N. Y. 563, it was held that the question whether a defect, not more radical or material than that disclosed in this case, constituted a breach of the contract, was not a question for the jury, but a question of law for the court. But, even if an exception did not lie to the finding denominated one of fact, the exception to the conclusion of law is sufficient to raise the question whether that conclusion is supported by the findings of fact; and, as already intimated, we are of opinion that the two findings of fact are inconsistent with each other, and that together they do not support the conclusion of law. The judgment appealed from should be reversed, and a new trial granted. Judgment reversed, and a new trial granted, with costs to abide the event. All concur.