Henry Oberlies, Respondent, *v.* Balthasar Bullinger, Appellant.

*Building contract — arbitration — architect's certificates as to final payment — distinction between substantial and minor defects in the work — damages for delay.*

A contract for the carpenter work of a house, after providing that the owner might make any "alterations, deviations, additions or omissions" in the work or materials, the true value of which should be added to or deducted from the contract price, as the case might be, provided in a subsequent clause that "should any dispute arise as to the true value of the alterations, deviations, additions or omissions in the work or the materials hereby contracted for," the value in dispute should be determined by arbitration ;

*Held,* that the "alterations, deviations, additions or omissions" which were made the subjects of arbitration were those which the owner might make, and did not include shortcomings and defects resulting from the error or bad faith of the contractor;

And, hence, that proof of an arbitration or offer to arbitrate upon a defect resulting from the contractor's failure to fully comply with the contract and specifications, was not a condition precedent to the contractor's right of action against the owner for the unpaid balance of the contract price.

The contract also contained the following clause: "Eighty per cent of the value of the work executed will be paid from time to time as the work progresses, and the balance when the whole job has been completed and accepted. Payments made in accordance with the architect's certificates."

*Held,* that the wording of this clause did not make an architect's certificate that the work had been completed in full compliance with the contract and specifications a condition precedent to the contractor's right of action against the owner for the balance of the contract price withheld until the completion of the work;

That no final certificate of the architect could deprive the defendant owner of either a complete or partial defense to the contractor's action for the unpaid balance of the contract price — the former in case of a substantial failure on the part of the contractor to perform his contract, the latter in case of minor defects of performance for which compensation might be rendered in damages.

In such an action brought by the contractor to recover from the owner the unpaid balance of the contract price of the work, the question of the defendant's dam-

ages by reason of the plaintiff's delay in the completion of the work was litigated and submitted to the jury under the instruction that if the defendant permitted the plaintiff to go on with the work after the time limited by the contract, without expressing his disapproval and dissatisfaction, he thereby waived the damages for such delay which he might otherwise have claimed.

*Held,* that such instruction was improper

The trial court instructed the jury, in respect to what might constitute a substantial failure of performance of his contract on the part of the plaintiff, to the effect that no defect of construction could be regarded as substantial unless it was one which ran through the entire structure, and which could not be remedied without disturbing or interfering with the main building.

*Held,* that this instruction was erroneous.

APPEAL by the defendant, Balthasar Bullinger, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Monroe county on the 12th day of November, 1892, upon a verdict rendered at the Monroe Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

*W. S. Hubbell,* for the appellant.

*A. Benedict,* for the respondent.

DWIGHT, P. J.:

The action was to recover a balance claimed to be due on a contract by which plaintiff agreed to do all the carpenter work of a house, to be built for the defendant, for the sum of $3,050. The complaint sets out the contract in full, and it contains the following, among other provisions:

"Eighty per cent of the value of the work executed will be paid from time to time as the work progresses, and the balance when the whole job has been completed and accepted. Payments made in accordance with the architect's certificates. * * *

"*Second.* The party of the second part shall have the right and privilege, at any time during the progress of the said building, to make any alterations, deviations, additions or omissions in the work or materials hereby contracted for, without making void this contract; but the true value of said alterations, deviations, additions or omissions shall be added to or deducted from the amount specified in this contract, as the case may be. * * *

" *Fourth.* Should any dispute arise respecting the true construction or meaning of the drawings or specifications, the same shall be decided by Oscar Knebel, architect, employed by party of the second part to superintend the construction of said building, with a view to the due execution of the works on the part of the party of the first part, and his decision shall be final and conclusive; but should any dispute arise as to the true value of the alterations, deviations, additions or omissions in the work or the materials hereby contracted for, the value in dispute shall be determined by two competent persons, one employed by the party of the first part and the other by the party of the second part, and they shall have power to name an umpire, whose decision shall be binding on all parties."

The architect made no inspection of the work during its progress, and made no certificates of the amounts earned by the contractor from time to time, but the defendant made payments from time to time aggregating the sum of $1,900, and leaving unpaid of the contract price the sum of $1,150, for which, together with a small amount for extra work, this action was brought.

After the work was completed, as was claimed by the plaintiff, the architect made such inspection as he was then able to make, and gave to the plaintiff a certificate, in the following terms, addressed to the defendant :

" SIR — This will certify that the carpenter and joiner work of your house on Alexander st., under contract with Henry Oberlies, has been completed in accordance with the plans and specifications, with the exception of the roof of the addition, which is deficient in height about 5 inches.

" (Signed)     OSCAR KNEBEL,

"*Architect.*"

The plaintiff presented this certificate to the defendant and demanded the entire balance of the contract price, together with the value of the extra work, amounting in all to the sum of $1,223.75, which the defendant declined to pay ; and he declined to accept the house as built and completed in accordance with the contract.

There are other particulars, of perhaps minor importance, besides the defect in height of the rear portion of the house, in which the defendant complains that the work of the plaintiff was not done in

conformity with the contract and specifications, and it is conceded that the work was not completed until something more than a month after the time, November 1, 1887, which was fixed, by the contract, for its completion.

The case has been twice tried. On the first trial, in January, 1890, the court directed a nonsuit, and ordered the plaintiff's excep' tions to be heard in the first instance at the General Term. A motion for a new trial was accordingly made in this court and was denied and judgment was ordered for the defendant on the nonsuit. It was then considered that, as matter of law, upon the undisputed evidence of the defect in the construction of the roof, the contract had not been substantially performed. (See opinion of the court by MACOMBER, J., 33 N. Y. St. Repr. 443.) On an appeal to the Court of Appeals the judgment entered on the order of this court was reversed, and a new trial was granted, it being there held that the defect in question was not shown to be such as to warrant the court in holding, as matter of law, that the contract had not been substantially performed, but that whether it had been or not was properly a question of fact for the jury. (See opinion *per Curiam*, 132 N. Y. 598.) The result of the new trial thus granted, and now under review, was a verdict in favor of the plaintiff for $1,277.96.

Two questions discussed on the present appeal were not determined by the decision of the Court of Appeals. One of them seems not to have been considered, and the other was held not to be presented by the record, because not raised on the trial. Both of these questions relate to what are claimed by the defendant to be conditions precedent to a cause of action on the part of the plaintiff ; both arise upon provisions of the contract which are quoted above, and both were raised on the second trial.

In respect to the last mentioned of them, the Court of Appeals, after quoting the fourth clause of the contract, as above quoted, said : " The defendant seeks to uphold the nonsuit on the ground that an arbitration to settle the amount due under the contract was a condition precedent to the plaintiff's right to recover, and that having failed to show that an arbitration has been had or that he has offered to arbitrate, he was not entitled to recover. The answer to this position is that this question was not raised on the trial ; * * * had the defendant raised this objection the plaintiff

might have shown that the defendant had refused to arbitrate or that an arbitration had been waived."

The question was, undoubtedly, raised on the last trial, with the same absence of proof of an arbitration, or an offer to arbitrate, but the complete answer to it, we think, is that neither the claim of the plaintiff to recover, nor that of the defendant for damages, is within the provision for arbitration contained in the contract. Upon recurring to the fourth clause (*supra*) it will be seen that the only matter to be arbitrated is " any dispute " which may " arise as to the true value of the alterations, deviations, additions or omissions in the work or materials hereby contracted for." What are "*the* alterations, deviations, additions or omissions " here mentioned? The use of the definite article is significant. It suggests that the alterations, etc., referred to are elsewhere mentioned and provided for in the contract. And so we find in the second clause of the contract, above quoted, a provision giving to the party of the second part, the owner, the privilege, at any time during the progress of the building, to make any " alterations, deviations, additions or omissions " in the work or materials contracted for, the true value of which shall be added to or deducted from the contract price, as the case may be. These are, undoubtedly, the same " alterations, deviations, additions or omissions " mentioned in the fourth clause, the true value of which, in case of dispute, is to be determined by arbitration. And these being such as the owner has the privilege to make, or cause to be made, it is evident that the category does not include shortcomings and defects which result from the error or bad faith of the contractor.

The other condition precedent to a recovery, contended for by the defendant, was the certificate of the architect that the work was completed in full compliance with the contract and specifications. But it is doubtful whether the words "payments to be made in accordance with the architect's certificates," in the provisions of the contract first above quoted, have any application at all to the final payment of the amounts withheld during the progress of the work; certain it is that they cannot have the force for which the defendant contends, for that would be to make the architect the final arbiter of the rights of the parties. The most obvious reference is to those payments, to be made from time to time, which require the estimate

and computation by an expert of the amount of work done and materials furnished, and, consequently, of the amount of money earned, since the last payment. The scheme of the contract, in this respect, is that twenty per centum of the amount earned by the contractor, shall be withheld throughout the progress of the work, and that the eighty per cent to be paid from time to time shall be certified to be due by the architect after the estimate and computation necessary to ascertain the amount. The final payment requires no such estimate or computation, but is merely the balance of the contract price after deducting the payments already made.

But, further, to make the certificate of the architect that the work is completed, in all respects, in full compliance with the specifications of the contract, a condition precedent to the right to receive the final payment, would be to ignore the distinction which the law makes between substantial and minor defects of construction, or those which work a forfeiture of the contract and those for which compensation may be rendered in damages. Clearly, the question whether the defect described in the actual certificate was of the former or of the latter class, could not be finally determined by the architect, but was a question upon which either party was entitled to take the judgment of the law.

We conclude, therefore, that neither an offer to arbitrate nor an unqualified certificate of the architect was a condition precedent to the plaintiff's right of action. On the other hand, by a similar course of reasoning, we arrive at the conclusion that no final certificate of the architect could have the effect to deprive the defendant of either a complete or a partial defense to an action for the balance of the contract price, the former in case of a substantial failure to perform his contract on the part of the plaintiff, the latter in case of minor defects of performance (including delay in the completion of the work), for which compensation might be rendered in damages. Both of these questions were, therefore, issues to be litigated in this case, and both were questions for the jury. The defendant's motions for a nonsuit and for the direction of a verdict were, therefore, properly denied, but for the same reasons it was error to exclude evidence of defects in construction other than that one specified in the certificate of the architect, and the defendant's exceptions to rulings of that character were well taken.

We think, too, that some of the defendant's exceptions to the charge of the court point to error in the submission of the case to the jury, which must be fatal to the verdict. The question of damages for delay in the completion of the work was litigated, and was submitted to the jury under the instruction that if the defendant permitted the plaintiff to go on with the work after the time limited by the contract, without expressing his disapproval and dissatisfaction, he thereby waived the damages for such delay which he might otherwise have claimed. This, of course, was error, arising, probably, from a momentary confusion of the waiver of damages with the waiver of forfeiture, as a complete defense, by reason of delay; and we see no evidence that it did not mislead the jury, to the prejudice of the defendant on the question of damages.

Another exception was well taken to the instruction given to the jury in respect to what might constitute a substantial failure of performance of his contract on the part of the plaintiff, to the effect, viz., that no defect of construction could be regarded as substantial unless it was one which ran through the entire structure, and which could not be remedied without disturbing or interfering with the main building.

For the errors indicated the judgment entered on the verdict of the jury must be reversed, and a new trial may be had in which it is to be hoped that the questions for the jury here pointed out may be fully tried and an end may be reached of an already protracted litigation.

LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from reversed, and new trial granted, costs to abide the event.