(8 Misc. Rep. 256.)

ANSONIA BRASS & COPPER CO. v. GERLACH et al.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

1. MECHANICS' LIENS—FORECLOSURE—PERFORMANCE OF CONTRACT.
    Substantial performance is sufficient to entitle plaintiff to recover in an action to foreclose a mechanic's lien.

2. DAMAGES—BREACH OF CONTRACT—LOSS OF RENTS.
Loss of rents by failure to complete building at time specified in contract may be recovered from the contractor.

3. PLEADING—AMENDMENT—DISCRETION OF COURT.
Under Code Civ. Proc. § 723, providing that the court "may" allow an amendment during the progress of the trial, the granting of such amendment is discretionary.

Appeal from judgment on report of referee.

Action by the Ansonia Brass & Copper Company against Charles A. Gerlach and James Curran to foreclose a mechanic's lien. There was a judgment in favor of defendant Curran, and defendant Gerlach appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Gilbert W. Minor, for appellant.
Robert E. Deyo, for respondent.

BISCHOFF, J. The action was originally brought by the Ansonia Brass & Copper Company to foreclose a lien claimed by it pursuant to the provisions of the mechanic's lien law (chapter 342, Laws 1885), and against the defendants Charles A. Gerlach, as owner and contractor, and James Curran, as lienor. Subsequent to the commencement of the action it was discontinued so far as the plaintiff was thereby affected, and directed to proceed upon the issues tendered by the answers of the defendants, Curran and Gerlach, respectively. Curran claimed to be entitled to a lien for work, labor, and services rendered and materials furnished, under two certain contracts with Gerlach,—one for the supply of the steam heating and fitting in the building known as "The Gerlach," and situated on Twenty-Seventh street, between Sixth avenue and Broadway, in the city of New York; the other for gas piping and fitting in the same building, and for extra work. The aggregate amount of the lien claimed was $6,110.55, with interest, of which $4,300 represented a balance of $7,600, the agreed compensation under the contract for steam heating and fitting, $1,092.92 a balance of the fair and reasonable value of the gas piping and fitting, and $717.63 the value of the extra work. Gerlach denied the complete performance of the contract for steam heating and fitting on Curran's part, that the gas piping and fitting and extra work were of the value claimed by Curran, and that the extra work was such in fact. He furthermore interposed a counterclaim against Curran for expenses alleged to have been incurred in improving the work undertaken by Curran, and necessitated by the latter's negligence and unskillful performance. The referee found as matters of fact that Curran had performed the contract for steam heating and fitting on his part, except to the extent of $322.30, as to which he was prevented by Gerlach, and to $93.25 for work necessarily omitted because of changes and alterations in the plans and specifications which were directed by Gerlach; and that, after crediting Gerlach with the payment of $3,000, admitted by Curran, there was due the latter from the former $4,184.45 under the contract last above mentioned. The referee further found as matters of fact that

Curran, at Gerlach's request, furnished labor and materials which were not included in the contract for steam heating and fitting, of the reasonable value of $717.63; and that he also furnished and fitted 16,150 feet of gas piping, for which Gerlach had agreed to pay at the rate of 12 cents per lineal foot, amounting to $1,938, on account of which there had been paid $1,000, leaving due a balance equal to $938 and interest. As additional facts the referee found that, in connection with the gas piping and fitting, Curran supplied the labor and materials for cutting off and replacing a number of gas centers, which were reasonably worth $144, and for work in the boiler room, worth $10.92. Accordingly it was adjudged that there was due Curran from Gerlach the aggregate sum of $5,995, with interest, for which he had a lien upon the premises described in the complaint.

No errors in rulings in the admission or exclusion of evidence are urged on this appeal, and we are relieved of inquiry concerning the sufficiency of the evidence in support of the counterclaim, because the record is without any request to find the facts of which it was predicated by answer. No error is apparent from an omission to find facts as to which no finding was requested. Burnap v. Bank, 96 N. Y. 126; Thomson v. Bank, 82 N. Y. 1; Wood v. Lary, 124 N. Y. 83, 26 N. E. 338; West v. Van Tuyl (N. Y. App.) 23 N. E. 450; Lyons v. Cahill, 55 N. Y. Super. Ct. 553; Hugg v. Shank (Sup.) 4 N. Y. Supp. 929. Appellant's only contention is that the recovery is against the evidence and the weight of the evidence. The record, however, discloses abundant evidence in Curran's behalf, and to the effect that all the work undertaken by Curran was performed in good workmanlike manner, and that the materials used were proper and suitable for the purposes for which they were intended, and of the quality contracted for; that, in so far as the contract for steam heating and fitting remained incompleted, it was due either to Gerlach's omission to have the building in suitable condition to enable Curran to proceed, or to deviations from the original specifications, which were sanctioned and directed by Gerlach. There is also evidence from which it appears that the charges for work other than the work included in the contracts for steam heating and fitting and gas piping and fitting were fair and reasonable. Gerlach was credited with an allowance of $322.30 for work under the steam heating contract, as to which performance was prevented by Gerlach. We think, therefore, that the referee was justified in his conclusion that Curran had substantially and in good faith completed the several contracts entered into, and this was all that was required to entitle him to recover (Johnson v. De Peyster, 50 N. Y. 666; Phillip v. Gallant, 62 N. Y. 256; Woodward v. Fuller, 80 N. Y. 312; Flaherty v. Miner, 123 N. Y. 382, 25 N. E. 418); and whether or not the contract has been substantially performed is a question of fact, depending upon all the circumstances of the case, to be determined by the trial court (Nolan v. Whitney, 88 N. Y. 648; Bowery Nat. Bank v. Mayor, etc., 63 N. Y. 336). True, there was evidence for the defendant Gerlach tending to establish that the work was negligently and unskillfully done, and that the materials used

by Curran in the performance of the work were of poor and inferior quality, by reason of which much of the work had to be done over, and the materials used replaced by better. This, however, raised but a conflict of evidence, which it was the province of the trial court to determine, and with that determination, in the absence of apparent incredibility, or intrinsic improbability of the truth of the evidence adduced for the prevailing party, the appellate court will not interfere. Baird v. Mayor, etc., 96 N. Y. 567; Crane v. Baudouine, 55 N. Y. 256.

On the trial, counsel for defendant Gerlach moved to be allowed to amend the answer by adding as an item of the alleged damages constituting the counterclaim rents lost in consequence of defendant Curran's delay in the performance of the work undertaken by him, and the negligent and unskillful performance of the work. This was denied by the referee upon the ground that the damages intended to be claimed were too remote. The ground alleged for the ruling, we think, was erroneous. One who had been deprived of the use of a building, or of machinery, in consequence of inexcusable delay, caused by another, who has undertaken to make improvements or repairs, is justly entitled to indemnity for the loss. Such damages are within the reasonable contemplation of the parties. 2 Suth. Dam. § 703; Griffin v. Colver, 16 N. Y. 489; Cassidy v. Le Fevre, 45 N. Y. 563; Ruff v. Rinaldo, 55 N. Y. 664; Hexter v. Knox, 63 N. Y. 561. Defendant Gerlach, however, was not entitled to the amendment as of course. The language of the Code of Civil Procedure (section 723) is that the court "may" allow an amendment at or during the progress of the trial upon such terms as to it shall seem just. The granting of it, therefore, rests in judicial discretion; and, since it does not appear that the referee has determined that defendant Gerlach was deprived of the use of his building owing to any delay caused by Curran, or that the referee was requested to find the fact of such delay, and since the facts that defendant Curran duly performed his several contracts in so far as he was permitted to perform them, effectually refutes any claim that defendant Gerlach was deprived of the use of his building by delay caused by Curran; and particularly since defendant Gerlach must, for reasons already stated, be deemed to have abandoned his attempted counterclaim altogether, the error, if such, committed in the denial of the motion for leave to amend the answer, cannot be urged to have operated prejudicially to defendant Gerlach. Mixter v. Mixter, 13 N. Y. Wkly. Dig. 360. The judgment should be affirmed, with costs. All concur.