JOHN SCHLACHTER, Respondent, *v.* ROBERT E. HOPKINS, Appellant, Impleaded with Others.

*Action on a building contract — rental value allowed for delay in completing the work.*

If it be shown upon the trial of an action, brought by a contractor to recover the amount alleged to be due him under a building contract, that if he had used reasonable diligence and dispatch the building would have been ready for occupancy at a certain date, the defendant is entitled to be paid by the plaintiff the *pro rata* portion of the rental value of such premises for the time subsequent to such date during which the said premises were uncompleted.

BROWN, P. J., dissenting.

APPEAL by the defendant, Robert E. Hopkins, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 26th day of May, 1894, upon the report of a referee, with notice of an intention to bring up for review upon such appeal said judgment, the report of the referee, the appellant's exceptions to said report, the appellant's proposed findings and conclusions of law, and his exceptions to the referee's refusal to find as requested by him.

*E. T. Loat*, for the appellant.

*James M. Hunt*, for the respondent.

PRATT, J.:

This is an action instituted to foreclose a mechanic's lien alleged to have been created by performance of a contract entered into by the plaintiff with defendant Hopkins. The contract was executed on September 12, 1891, and the work called for by its terms was to be completed on April 1, 1892, and it is admitted that it was not finished until July 10, 1892.

That the plaintiff delayed in commencing work under the contract is undisputed; that the defendant Hopkins, as early as November 6, 1891, complained to the plaintiff and the architect of the delay in its prosecution; at that date they were only laying the foundation; that the architect appreciated the justice of such complaint is manifest from the fact that he testifies that he repeatedly urged plaintiff to hurry the work; that Hopkins continued to complain of the tardiness in the prosecution of the work, and frequently urged the plaintiff to be more expeditious with the work; that about January 11, 1892, Hopkins insisted that the chimneys, arches and fire places were illy and unskillfully constructed, and at his request the matter was referred to another, who, after a delay of two weeks, decided that after some slight alterations the work on chimneys, etc., would do; such alterations were made during such two weeks. For some reason, not apparent from the testimony, all other work on the premises was stopped. Would it not have been fairer and more reasonable to have continued the work during such delay on other portions of the building which required it?

Hopkins directed that some stairs other than those provided by the contract should be placed in the building, and agreed to pay the cost of constructing the same in addition to the sum to be paid under the contract, and the amount ($215) charged for same was allowed by him. The testimony does not disclose when the work on said stairs was commenced, or how long a time was consumed to supply them and perform the extra labor caused by their construction and erection; upon this point it is somewhat conflicting. From a careful perusal of the evidence, my best judgment is that an allowance of three weeks for such delay would be equitable.

The referee did not err in allowing the defendant Hopkins the sum of $495.65 for moneys paid by him for painting required by the contract, and such sum should be deducted from the contract price.

The testimony throughout shows to my mind that the plaintiff did not prosecute the work called for by the contract with diligence and dispatch; that whatever delays might inferentially be charged to Hopkins were more than counterbalanced by the apparent delays and lack of energy and attention of the plaintiff in performing such contract.

It is clearly shown that Hopkins, with the exceptions of the delays hereinbefore noted, did everything in his power to facilitate and hasten the work; the promptness with which he paid the sums alleged to be due under the contract, and the fact of his pecuniary advances to plaintiff to relieve him financially, and to provide him with funds to prosecute the work, his waiver of the performances of several items required by their agreement, as also his celerity in paying the charges for extra plumbing and mason work, all abundantly prove this. On the other hand, the testimony clearly shows the plaintiff's lack of interest in the work; that he farmed out every part of the general construction to various sub-contractors, over whom Hopkins had no authority, and with whom he could not advise; that upon the occasion of such complaint to the plaintiff he threw the blame, or cause of the same, upon one of these sub-contractors; that said contract was so sublet without the written consent of Hopkins, which the contract obligated the plaintiff to procure; his almost entire failure to give the work his personal supervision as evidenced by his rare and infrequent visits to the premises during the progress of the work; that although behind time on this contract he transferred mechanics from the Hopkins building to the Ramsay house, for whose construction he also had an agreement.

I am of the opinion that if the plaintiff had used reasonable diligence and dispatch the building would have been ready for occupancy, notwithstanding the delays attributed to defendant Hopkins, on May 1, 1892; if it had been completed at that date the uncontradicted testimony shows that the premises could have been leased to a responsible tenant for $1,100 per year.

I am of the opinion that the defendant Hopkins is entitled to be paid by the plaintiff the *pro rata* portion of said $1,100 from May 1, 1892, to July 16, 1892; that plaintiff should be allowed the sum of $1,500, being the amount of the last payment under the contract; the further sum of $215, the cost of erecting the additional

stairs, etc.; making together the sum of $1,715; from such amount should be deducted the sum of $495.65, paid by defendant Hopkins for painting, etc.; the further sum of · $840, as liquidated damages under section 12 of contract, $10 per day from April 22, 1892, to July 4, 1892.

The plaintiff is entitled to recover upon the evidence from the defendant Hopkins the sum of $399.35, with interest thereon from July 16, 1892, and the judgment entered herein on May 26, 1894, should be modified to conform therewith, and in other respects said judgment should stand, without costs.

DYKMAN, J., concurred; BROWN, P. J., dissented.

Judgment reversed and new trial granted, costs to abide event, unless plaintiff stipulates to reduce the judgment to $399.35, with interest from July 16, 1892. If such stipulation· is filed in twenty days judgment, so modified, is affirmed, without costs.