## MIKOLAJEWSKI et al. v. PUGELL.

(Supreme Court, Special Term, Erie County. February 8, 1909.)

1. CONTRACTS (§ 211*)—BUILDING CONTRACTS—TIME AS ESSENCE.

Time is the essence of a building contract requiring completion of the building on or before a specified date, where a delay means a loss of rents.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 940; Dec. Dig. § 211.*]

2. CONTRACTS (§ 316*)—BUILDING CONTRACTS—BREACH—WAIVER.

By taking possession of a building before it was completed the owner did not waive any claim for damages for the contractor's failure to complete it sooner.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1385,.1386; Dec. Dig. § 316.*]

3. ACCORD AND SATISFACTION (§ 13*)—BUILDING CONTRACTS.

There was no accord.and satisfaction of a claim against a contractor for delay in completing a building because the owner paid the full contract price, where he did so under the contractor's threat to file a mechanic's lien and without relinquishing his demand.

[Ed. Note.—For other cases, see Accord and Satisfaction, Dec. Dig. § 13.*]

4. CONTRACTS (§ 316*)—BUILDING CONTRACTS—CLAIM FOR BREACH—WAIVER.

An owner of a building did not waive a claim against the contractor for delay in completion by paying the purchase price in full, where he made the payment under the contractor's threat to file a mechanic's lien and without relinquishing his demand.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1385, 1386; Dec. Dig. § 316.*]

5. CONTRACTS (§ 316*)—BUILDING CONTRACTS—DELAYS—WAIVER.

An owner of a building does not waive a claim for the contractor's delay in completing it by permitting him to proceed after expiration of the time for completion.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1385, 1386; Dec. Dig. § 316.*]

6. CONTRACTS (§ 280*)—BUILDING CONTRACTS—CONTRACTOR'S DUTIES.

Under a building contract requiring the contractor to obtain all necessary official permits, etc., the contractor was bound to prepare and file the bond required by the city preliminary to issuance of a building permit, the owner being merely required to execute the bond when presented, and hence, the owner having executed it without delay, the contractor cannot escape liability for a delay in completing the building because it resulted from a delay in filing the bond.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 280.*]

Appeal from Municipal Court of Buffalo.

Action by Stanislaus Mikolajewski and another against John Pugell. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

---

John A. Kinney, for appellants.
Peter B. Smokowski, for respondent.

WHEELER, J. This action was brought by the plaintiffs to recover damages against the contractor in a building contract for a failure to complete the building to be erected for the plaintiffs within the stipulated time.

The defendant agreed in his contract with the plaintiffs to complete the building in question on or before the 30th of October, 1906. As a matter of fact, the building was not completed until March, 1907. The contract price was $3,250. Payments had been made from time to time, but a balance on the contract price remained unpaid. The defendant demanded the balance, and threatened to file a mechanic's lien against the property unless paid. In the conversation had between the parties, the defendant was requested to make an allowance for loss of rent owing to the delay in completing the building within the agreed time. The defendant absolutely refused to allow anything, whereupon the plaintiffs paid the defendant the balance on the contract. The evidence discloses no agreement on the part of the plaintiffs to relinquish or abandon their claim for loss of rent. All that was done or said consisted of a request for such an allowance for rent lost, a refusal by the defendant to make any such allowance, and a payment by the plaintiffs of the balance of the contract price. The trial court dismissed the plaintiffs' complaint on the following grounds: First, because time was not of the essence of the contract between the parties; second, if time was of the essence of the contract, the plaintiffs took possession of the house before it was completed, and remained in possession until all work was done; and, third, the plaintiffs having paid the defendant the balance of the contract price, and at the time having asked for some allowance for delay in finishing the house, which was refused by defendant, the transaction amounted to an accord and satisfaction of all claims between the parties.

This court is of the opinion the court below erred in the conclusions reached. We think time was of the essence of the contract. The agreement to complete by October 30th was inserted in the contract for the express benefit of the plaintiffs. If this agreement had been carried out, the plaintiffs would have had the use of the building from that date on. The clause was inserted to accomplish that very purpose, and we cannot understand on what principle of law or equity the defendant should be permitted to say that the clause fixing the date of completion meant nothing, and might be disregarded with impunity. Delay meant loss of rents, and it has been held that in such contract time is of its essence. Wyckoff v. Taylor, 13 App. Div. 240, 43 N. Y. Supp. 31; Schlachter v. Hopkins, 84 Hun, 402, 32 N. Y. Supp. 364; Hexter v. Knox, 63 N. Y. 561; Oberlies v. Burlinger, 75 Hun, 248, 27 N. Y. Supp. 19; Ansonia Brass Co. v. Garlach, 8 Misc. Rep. 256, 28 N. Y. Supp. 546.

As to the proposition that the plaintiff took possession before completion and so suffered no damage, it is sufficient to say that the undisputed evidence is that the house was not ready for occupation until the 1st of March, 1907, and then uncompleted, and that, notwithstand-

ing, the defendant went on and finished the work. We are unable to understand how taking partial or even complete possession on March 1st in any way prejudiced either the plaintiff or the defendant. There is nothing in the testimony given on the trial tending to show any such thing, and by taking possession the plaintiffs cannot be said to have waived any claim for damages for a failure to complete the building sooner.

As to the proposition of an accord and satisfaction, we find nothing in the case to sustain that view. The evidence simply discloses that the plaintiffs made a demand for an allowance for delay in the completion of the building, and that the defendant flatly refused to recognize any such claim. The defendant was then paid the balance of the contract price for the erection of the building, under a threat that unless the money was paid a mechanic's lien would be filed against the property. Nothing was said by the plaintiffs to the effect that they relinquished their demand. There was no compromise of their differences. The defendant threw nothing off his demand. He demanded payment in full, and he received it.

The defendant had a cause of action for the balance due on the contract price of the building. The plaintiffs had a cause of action for a breach by the defendant to complete in time. The defendant's cause of action was paid in full; the cause of action of the plaintiffs was refused recognition, and nothing was paid or allowed by the defendant to settle it. The defendant having been paid in full, and having neither paid nor allowed the plaintiffs anything, cannot, we think, assert that he has thereby satisfied their claim. Nor did the payment of the defendant's claim in full constitute a legal waiver by the plaintiffs of their claim against the defendant. The covenant on the part of one party to the contract to perform within a certain time, and the covenant on the part of the other to pay, are independent and distinct. A right of action may grow out of either. The owners could allow the contractor to go on and complete without waiving or forfeiting their right to damages for a breach of the contract as to time. Ruff v. Rinaldo, 55 N. Y. 664; Granniss & Hurd Lumber Co. v. Deeves, 72 Hun, 171, 25 N. Y. Supp. 375, affirmed in 147 N. Y. 718, 42 N. E. 723; Beyer v. Huber Co., 115 App. Div. 344, 100 N. Y. Supp. 1029; Crocker Wheeler Co. v. Varick R. Co., 104 App. Div. 570, 88 N. Y. Supp. 412, 94 N. Y. Supp. 23; Sinclair v. Talmadge, 35 Barb. 602–606; Rogers v. Beard, 36 Barb. 31.

We are also of the opinion that, by paying the defendant the amount of the contract price of the building, the plaintiffs did not thereby foreclose themselves from asserting and enforcing their demand for damages by reason of a failure on the contractor's part to complete the building within the stipulated time. The case of Ruff v. Rinaldo, 55 N. Y. 664, was an action to foreclose a mechanic's lien. Defendant, Rinaldo, contracted with one Fincke to do the mason work on three buildings being erected by him, which was to be completed April 1, 1872. Fincke did not complete it until the 1st of July. Defendant, after the expiration of the time, permitted Fincke and his subcontractors (of whom plaintiff was one) to proceed with the work, and made payments on the contract. Held:

"That this was not a release or discharge of the stipulation as to time, but that Fincke was liable for the damages resulting therefrom, which damages were the value of the use of the buildings while defendants were deprived in consequence of the delay."

This question is fully discussed in the case of Shute v. Hamilton, 3 Daly, 470, which was an action by a contractor to recover unpaid balance due upon a building contract. The opinion is as follows:

"It is insisted that the defendant waived the condition in respect to time by making payments, as the work progressed, after the 1st of November. By the contract certain payments were to be made at certain stages in the progress of the work, and the defendant continued to make these payments from the 1st of November to the 12th of January, as he had done before, leaving only to be paid on the last payment $300.

"The referee has found that by these payments the defendant merely treated the contract as still in force, and that they constituted no waiver of the defendant's claim for damages by reason of the delay. The finding was correct. The acts here relied upon as amounting to a waiver took place after the plaintiff's failure to complete the building within the specified time, and, in respect to the waiver of such a condition or of all claim for damages under it, there is a very material distinction between a party's acts before and after the breach of a condition; for after a breach, as a general rule, there is no waiver of the claim for damages, unless by the making of a new agreement.

"There was no provision in the contract that the defendant should or might withhold the amount of the damages from any outstanding payment. It was his interest, notwithstanding the breach, to have the building completed, and by making the payments thereafter at the appointed period, as the building progressed, he waived nothing. He had the right to treat the condition in respect to time as a distinct covenant, for the breach of which he had his remedy by action, and he could accordingly set it up as he did, by way of counterclaim in the action brought by the plaintiffs for the residue of the contract price and extra work."

Weeks v. Rector, 56 App. Div. 199, 67 N. Y. Supp. 670, was an action brought by the contractor against the owner to recover damages for delay caused by the owner. The contractor had been paid and had received the full contract price. In discussing whether or not such payment and receipt by the contractor constituted a waiver on his part, the court decided as follows:

"But it is said that the plaintiff having gone on and finished the work after he had been permitted to do so, and having received his compensation therefor, waived his right to bring any action for damages because of the failure of the defendant to perform the contract on its part. It appears in the case that it was agreed between the parties that the payment of the contract price should not prejudice the right of the plaintiff to bring this action; but even if the agreement had not been made, the receipt by the plaintiff of the stipulated contract price for the performance of the contract would not operate as a waiver of his right to proceed against the defendant for a violation of its agreement. When the plaintiff was compelled by the act of the defendant to cease work on this building, he was not called upon to rescind the contract, or to refuse to proceed further with it, at the peril of waiving any damages he may have suffered, but he was at liberty to go on with the work, considering the contract still in force, and, when he had finished, maintain his action to compel the defendants to pay the increased expense to which he had been put by its act."

In a similar case, Allamon v. Mayor of Albany, 43 Barb. 33, at page 39, the decision reads:

"This is an action to recover damages by reason of the defendants failing to fulfill their contract, and payment of the contract price can scarcely be considered as a bar to such an action."

The cases are frequent where the owner withholds a portion of the contract price, and, when sued by the contractor for the balance due, sets up as a counterclaim his independent right of action for delay. But the owner is not obliged to take this course. If he has the substance necessary to sustain a counterclaim, he has also the substance necessary to sustain an independent action against the contractor.

In the case of Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123, the question of waiver is discussed. This was an action by the lessee against the lessor for damages by reason of the fact that the furnace in the house was not as represented. The plaintiff did not rescind the lease, but continued in the use and occupation of the premises during the entire term for which they were leased, and paid the rent thereon from month to month as it became due. It was contended that he had thereby waived his action for damages. It was there held that he had not waived his right to such an action, and, on the point of recoupment, the court held:

"Whilst the plaintiff might have offset his damages in an action for rent reserved, we do not think he was bound to refuse payment thereof, and then wait for an action to be brought against him therefor."

Cook v. Soule, 56 N. Y. 422, was an action to recover balance due for rent and counterclaim for damages growing out of breach of contract to keep premises in good repair.

"The fact that the plaintiff only claimed to recover one quarter's rent in the action, the previous rent having been paid, did not deprive the defendants of the right to counterclaim their damages for the entire year. The instruction to the jury that, if the counterclaim exceeded the amount of the plaintiff's demand, the defendants were entitled to a verdict for such excess, was correct."

The legal status of the parties to a building contract subsequent to a breach by the contractor of the covenant to complete at a given time is clearly and concisely set out in the following paragraph from the opinion in the case of Grannis & Hurd Lumber Co. v. Deeves, 72 Hun, 174, 25 N. Y. Supp. 377:

"Undoubtedly the defendant (owner) had the right to terminate the contract if the plaintiff (contractor) was not proceeding with that diligence which the terms of the contract required. But this was not his only remedy. He had a right to let the plaintiff go on and complete his work, and then he had the right to say, 'I will pay you for all the work you have done, but I want the damages you have caused me in not doing my work as you agreed to do it.'"

A charge to the jury in the above language was upheld in Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315.

It is strenuously contended by defendant's counsel that such delay as there was in the completion of the building under erection was occasioned by the neglect of the plaintiffs to furnish the bond required by the building ordinances of the city that the building in question should be erected according to the specifications filed. The contract between the parties provided that:

"He (the contractor) must give all requisite notices to the proper authorities, obtain all official inspections, permits and licenses made necessary by the work in his charge, and pay all proper and legal fees for the same."

The evidence shows that the contractor filed the plans and specifications with the bureau of buildings on September 14, 1906, and on the same day a verified statement, as required by the ordinances, which were preliminary steps to the obtaining of a building permit and to the filing of the bond. Later, in October, the defendant took the required bond to the plaintiffs and requested its execution. It was executed and returned to the defendant within a day or two of its receipt. All that was required of the plaintiffs was the execution of the bond. The defendant was, by his contract, to give the requisite notices and take the necessary steps to "obtain all official inspections, permits and licenses." This put upon the defendant the duty of preparing and filing the required bond. All the plaintiffs were required to do in the premises was to execute the bond when presented. This they did without delay. Such being the facts, we think the defendant's contention is without merits. Davies v. Clark, 10 App. Div. 68, 41 N Y. Supp. 825.

We, therefore, conclude that the judgment of the Municipal Court should be reversed and a new trial had in the Municipal Court on the 1st day of March, 1909. Costs of this appeal to abide the event of the action. So ordered.

