(79 Misc. Rep. 621.)

KAUSEN v. LEONHARDT REALTY CO.

(Supreme Court, Appellate Term, First Department.   March 7, 1913.)

1. APPEAL AND ERROR (§ 1002*)—FINDINGS—CONCLUSIVENESS.
     While the Supreme Court is not, as a rule, inclined to disturb a judgment rendered on conflicting evidence, where it is overwhelmingly against the judgment it will be reversed.
     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. CONTRACTS (§ 287*)—PERFORMANCE—ARCHITECT'S CERTIFICATE.
     A contractor could not rely upon a statement by an architect, made pursuant to a contract, that the work was properly completed, where the contract did not make the statement conclusive, and such a statement was obtained on the contractor's mere representation and was afterwards revoked by the architect.
     [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1308, 1309, 1312–1316, 1318–1342, 1344–1351; Dec. Dig. § 287.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charles Kausen against the Leonhardt Realty Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Kurzman & Frankenheimer, of New York City (Ferdinand Kurzman and Walter Frank, both of New York City, of counsel), for appellant.

Simon T. Stern, of New York City, for respondent.

GERARD, J. The defendant owned two flat houses on 128th street, and, being desirous of repairing the same, entered into several contracts looking to the repair of the buildings. Among others, it entered into a contract with the plaintiff, by which the plaintiff agreed to erect a complete steam heating system according to plans and specifications for the sum of $2,500. The specifications, among other things, contained the following clause:

"Remove heater in cellar, also all the present radiators and risers and all other materials in connection with present heating plant. Any of the present radiators and risers which may be of proper size and are in good condition may be used in connection with the new work."

Risers are the large iron pipes running perpendicularly from the cellar and supplying steam to the house from the boiler to the radiators on each floor. There were 24 risers in all; the plaintiff removed only 16. He did not remove the other 8 risers at all, but let them stand. He testifies that he made a test of them and found that they were in working order.

[1] While this court is not inclined, as a rule, to disturb a judgment rendered on conflicting evidence, the evidence as to the work here is so overwhelmingly against the plaintiff, who did not even call his own working men to support him, that a new trial should be ordered because plaintiff did not, in our view, prove that the work was either completed or properly done.

There remains the question of the giving of an architect's certificate to the plaintiff. The plaintiff did not sue on the contract in question, but sued on a quantum meruit, as is conceded by plaintiff.

The provisions of the contract with relation to the certificate are as follows:

"The contractor agrees to complete the steam heating system agreeably to the drawings and specifications made by Horenburger & Bardes, architects, in a good, workmanlike and substantial manner, to the satisfaction and under the direction of the party of the first part to be testified by a writing or certificate under the hand of said architects."

And the owner agreed to make a payment on account of this work when all the pipes had been installed in both houses, risers, branches, and floor plates, of $400 (then follows description relating to subsequent payments), "provided that in each of such cases a certificate shall be obtained and signed by said architects."

It is to be noted that this particular contract does not make the giving of the architect's certificate conclusive between the parties, or make the architect the sole arbiter.

In the recent case of Mercantile Trust Co. v. Hensey, 205 U. S. 298,

27 Sup. Ct. 535, 51 L. Ed. 811, 10 Ann. Cas. 572, a contract practically the same as the one at bar was under construction, and it was there held that the final certificate of the architect was not conclusive upon the owner; the court making the distinction that the contract omitted any provision that the certificate should be final and conclusive between the parties.

In Oberlies v. Bullinger, 75 Hun, 248, 27 N. Y. Supp. 19, a contractor sued without obtaining an architect's certificate, and the contract there stated "payments to be made in accordance with the architect's certificate," and the court held that the certificate of the architect was not necessary, and said, at page 253 of 75 Hun, at page 22 of 27 N. Y. Supp.:

"On the other hand, by a similar course of reasoning, we arrive at the conclusion that no final certificate of the architect could have the effect to deprive the defendant of either a complete or partial defense to an action for the balance of the contract price."

[2] In any event, the certificate in the case at bar was obtained from the architect on a mere statement made to him by the plaintiff and was revoked by the architect.

For these reasons, the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.